FROST *et al.* v. REAGON.

No. 1839.   Opinion Filed May 14, 1912.

(124 Pac. 13.)

1.  **REFORMATION OF INSTRUMENTS—Grounds—Mistake.**   The owner of lot 35 conveyed by deed to the owner of lot 36 all of lot 35 south of the center of a brick wall on the south line of lot 35, as established by a survey in 1890, together with the south half of the brick wall, ''said strip of land being six and one-half inches in width, more or less.''   A later survey showed the strip of land in lot 35 south of the center of the brick wall to be about one foot wide.   **Held,** that the maker of the deed is not entitled to have it reformed so as to convey only six and one-half inches off the south side of lot 35.

2.  **SAME.**   A contract cannot be reformed so as to make a different contract from one the parties intended to make, though made in ignorance of facts, which, if known, might have prevented them from making the one they actually made.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Oscar Reagon against C. G. Frost and another. Judgment for plaintiff, and defendants appeal.   Affirmed.

*W. D. Cardwell,* for plaintiffs in error.

*John H. Wright,* for defendant in error.

Opinion by ROSSER, C.   This was a suit by Oscar Reagon against C. G. Frost and Thos. Anderson to enjoin the defendants from constructing a brick wall on the south side of lot 35 of block 23 of Oklahoma City.   The case was heard upon an agreed statement of facts, and it appears from that statement that in 1890 the grantor of defendants built a brick building on the line of lot 35, established by a surveyor, and which they believed to be the correct line.   The building has ever since remained where it was built.   On the 4th day of May, 1900, the defendant Frost deeded to the plaintiff a portion of lot 35, and a one-half interest

in the wall of the brick building which had been built, and which Frost and plaintiff both believed was on the line of lot 35. The fourth paragraph of the agreed statement of facts is as follows:

"That, when said Frost executed said deed, it was the intention to convey all of the real estate, including the south half of that wall south of the center line of the wall running east and west the entire length of said lot 35."

The fifth paragraph is as follows:

"That they believed that said strip was about six and one-half inches wide off of the south side of lot 35, the entire length of said lot."

The description in the deed of the property conveyed is as follows:

"All that part or portion of lot thirty-five (35) in block twenty-three (23) in Oklahoma City, O. T., lying south of a line running from east to west along the center line or middle of the brick wall, now situated on the south side of said lot 35, together with the south one-half of said brick wall. Said strip of land being six and one-half inches in width, more or less."

After the deed was executed, the defendant Frost built a one-story addition to the building on lot 35, about twenty feet long and six and one-half inches north of the south line of lot 35. He built this addition on the line of his lot as fixed according to the terms of the deed; that is, on the line of the middle of the brick wall mentioned in his deed. The plaintiff also constructed on lot 36 a brick outhouse, the north wall of which he placed upon the line of the middle of the wall of the two-story brick building on lot 35. The defendant Frost also built a board fence from the building to the back end of the lot along the line of the center of the brick wall. In April, 1909, the city engineer made a survey of the lots in the east half of block 23, and, according to that survey, the brick building on lot 35 did not extend to the south edge of the lot, and on the west end of the building it was a little more than one foot (that is, a little more than five and one-half inches more than the six and one-half inches, which was mentioned in the deed as being the total width of the strip), north of the line between lots 35 and 36. It is not necessary to decide in this case whether or not the proof

sufficiently establishes the correctness of the last survey. The defendant began the erection of a building on the west end of the lot south of the center line of the wall on the brick building first built by his grantor, but seven and one-half inches north of the line on lot 36, according to the survey of the city engineer made in April, 1909, and this suit was brought to enjoin him from building south of the center line of the brick building. Upon these facts the plaintiff recovered a judgment in the district court enjoining the defendant from building south of the center of the wall of the brick building.

The defendant in his answer and cross-petition does not seek to rescind his conveyance to plaintiff, but asks to have it reformed so that the plaintiff can only hold six and one-half inches on the south side of lot 35. It was evidently the intention of the parties at the time, and it is admitted to have been their intention, that the plaintiff should receive all of lot 35 south of the center line of the brick wall. Admitting the second survey to be the correct one, the plaintiff is entitled to the relief he obtained.

This court cannot reform a contract to make the plaintiff take less than he intended to take. It is only where there is a mutual mistake that the court has the power to reform a contract.

In case of *Wise v. Brooks,* 69 Miss. 891, 13 South. 836, the court said:

"It is doubtless that, but for misapprehension as to the extent of the operation of the deed to Rowe, the parties would have proceeded differently; but that is not the question for equity to consider in a proceeding to reform contracts. It is not what the parties would have intended if they had known better, but what did they intend at the time, informed as they were."

In the case of *Webster v. Stark,* 10 Lea (Tenn.) 406, the court said:

"The mistake was not in the contract, or in the writing embodying the contract, but of an extrinsic fact, which fact, if known, would probably have induced the parties to make a different contract. The mistake, such as it was, was the mistake of the complainant, and there is nothing to fix the defendant

with any fault in the premises. The written instrument drawn up by him embodies the contract of the parties exactly as it was entered into. There is no ground for interfering with it in any way."

Pomeroy's Equity Jurisprudence, sec. 870, states the rule as follows:

"Reformation is appropriate, when an agreement has been made, or a transaction has been entered into or determined upon, as intended by all the parties interested, but in reducing such agreement or transaction to writing, either through the mistake common to both parties, or through the mistake of the plaintiff accompanied by the fraudulent knowledge and procurement of the defendant, the written instrument fails to express the real agreement or transaction. In such a case the instrument may be corrected so that it shall truly represent the agreement or transaction actually made or determined upon according to the real purpose and intention of the parties."

Equity will not, under the guise of reforming a contract, make a new contract not in contemplation of either party. To reform the contract so as to limit the plaintiff to six and one-half inches on lot 35 would be to make a contract different to that which he intended to make, a contract which from all the circumstances of the case it is not likely he would have made had he known that lot 35 extended further south than both parties believed it did at the time it was made.

It is clear that the deed, as made, conveyed all of lot. 35 south of the center of the brick wall. It was the purpose of the parties that the deed should convey one-half of the brick wall, and all the land south of it. The description of the strip as being six and one-half inches in width, more or less, conveyed all the land south of the line running from east to west along the center line or middle of the brick wall. The words "more or less," following the six and one-half inches, indicate that the parties did not intend to be exact as to the width of the land. *Hodges v. Kowing,* 58 Conn. 12, 18 Atl. 979, 7 L. R. A. 87; *Tyson v. Hardestry,* 29 Md. 305; *Frederick v. Youngblood,* 19 Ala. 680, 54 Am. Dec. 209; *Cotton v. Ward,* 19 Ky. 304. To reform a contract as asked for by the defendant would fix the

line between their property as the middle of the brick wall, so far as the brick wall extended, and would thus make a jog or offset of five or six inches further south for the additional length of the lot.

There are other questions in the case which, if the right to rescind were the issue, it would be the duty of the court to consider. But, as reformation rather than rescission is asked, it is not necessary to go further.

The judgment should be affirmed.

By the Court: It is so ordered.