## VOSS v. THOMPSON et al.

No. 12444—Opinion Filed May 13, 1924.

Rehearing Denied Jan. 6, 1925.

**1. Deeds—Construction—Intent of Grantor.**

A cardinal rule for construing deeds is that the grant must be construed to effect the plain intent of the grantor, and if that intent is plain in the deed, it controls. Under this rule, the grant in a deed of 160 acres "except two acres out of the south-west corner * * * deeded to Fair Gin Company for their use in operating a gin plant" conveys no title to such two acres.

**2. Same—Reformation—Mutuality of Mistake.**

A party cannot have reformation of a deed where mutuality of the mistake is not alleged or proved.

**3. Same—Disposition of Cause.**

Record examined, and held, that plaintiff was not entitled to recover under any theory alleged.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by W. W. Voss against J. F. Thompson et al. to quiet title and for other relief. Judgment for defendants. Plaintiff appeals. Affirmed.

H. B. Lockett, for plaintiff in error.

Bond & Morris, W. C. Lewis, and H. Grady Ross, for defendants in error.

Opinion by ESTES, C. Parties appear here in the same order as in the trial court. Plaintiff Voss sued defendants to quiet title to two acres, known as the gin lot, in the southwest corner of his quarter section of real estate, and to recover $2,000 bonus and the usual reservations of oil and gas royalties arising from an oil and gas mining lease on such two acres. Judgment was for defendants. The sources from which plaintiff claimed to have deraigned his title thereto and his contentions under his assignments of error, will appear herein. On April 2, 1920, defendants Thompson and Langham, as lessors, executed an oil and gas mining lease on such two acres to their codefendants, Carson, Dunn, and Cardon, for said bonus and the usual reservations of royalties. Under said lease, oil was produced.

1. On September 13, 1910, defendant Thompson executed a warranty deed in the usual form to the plaintiff. The granting clause thereof conveyed the entire 160 acres "except two acres out of the southwest corner of the southwest corner of said land deeded to Fair Gin Company for their use in operating a gin plant." Then followed the habendum clause containing the usual covenants of warranty. Thus, it is seen that there was a clear exception of such two acres from the grant. In 18 C. J. 240, it is said: "The office of an exception is to take something out of a thing granted that would otherwise pass." Said deed is plain and not susceptible of construction in respect to said two acres. It is a cardinal rule of construction that a grant must be construed to effect the plain intent of the grantor, and if that intent is plain, it controls. Ramey et al. v. Stephney et al., 70 Okla. 87; 173 Pac. 72.

Plaintiff introduced in evidence a short memorandum of even date with said deed from Thompson in which the latter acknowledged receipt of part of the purchase price for the entire quarter section, no exception being made in such memorandum of the said two acres, and providing the manner of deferred payments. It is urged by plain-

tiff that this document shows an intention on the part of Thompson to include the said two acres in such deed. Now Thompson had derived title by warranty deed dated August 8, 1907, from one Moore and wife. The granting clause thereof described the entire quarter section. The habendum clause thereof, however covenanted that Moore was seized of a good and indefeasible estate of inheritance in fee simple, "except two acres in the southwest corner of the southwest corner, deeded to Fair Gin Company for their use in operating their gin plant." Thus, it is seen that Thompson did not own the absolute fee in said two acres. What estate, if any, in said two acres was conveyed by Moore to Thompson is not here necessary to be determined. The said memorandum between plaintiff and Thompson was in the nature of a contract of sale. Said memorandum was in no sense a muniment of title. Plaintiff's action herein is not predicated on breach of such contract, nor is reformation of that deed sought. We conclude that Thompson intended to convey what he did convey to plaintiff—the 160 acres, except the two acres, notwithstanding the memorandum. It thus appears that plaintiff can claim no estate in said two acres under said deed from Thompson.

2. Plaintiff alleged that at the time he purchased the land from Thompson it was necessary for him to procure a loan on the same from the School Land Department; that to do so, it was required that he, the plaintiff, procure a quitclaim deed from Moore and wife in order to correct a discrepancy in the name of that grantor in the deed to Thompson; that plaintiff procured such quitclaim deed from Moore and wife on December 7, 1910, covering the entire quarter section, and making no reference to said two acres; that plaintiff caused the name of Thompson to be used in said quitclaim deed as the grantee; that plaintiff believed that theretofore Moore had conveyed to Thompson by said described warranty deed, the entire quarter section, less the possessory rights theretofore granted by Moore to one Munger in and to said two acres for gin purposes; that plaintiff procured such quitclaim deed at his own expense and for his own use and benefit. Plaintiff asked that said quitclaim deed be reformed making plaintiff grantee in the room and stead of Thompson. As said in Frost v. Reagon, 32 Okla. 849, 124 Pac. 13, "It is only where there is a mutual mistake that the court has the power to reform a contract." There is no evidence of mistake on the part of Thompson. Plaintiff does not so much as plead mistake on the part

of Thompson, who did not know at the time that such quitclaim was being procured. It is clear that there was no error in the judgment for defendants refusing thus to reform such quitclaim deed. On April 9, 1906, said Moore, then being the owner of the entire quarter section, joined by his wife, executed to one Munger, trustee, a purported warranty deed conveying said two acres for gin purposes, said deed containing further provisions pertaining to the use and terms of the grant. In the able briefs of counsel for plaintiff, it is contended that said Munger deed amounted to a covenant and that the grantee only received a possessory estate in said two acres; that the title to said two acres remained in Moore until he conveyed the same to Thompson by said subsequent warranty deed described above, or by said quitclaim deed. Under this theory, plaintiff sought to deraign title to said two acres from Thompson either by said warranty deed from Thompson to plaintiff, or on the theory of after-acquired title by Thompson through said quitclaim deed, and by such reformation of said quitclaim deed, sought so as aforesaid. Counsel for defendants have ably combatted this theory, and make the contention that said Munger deed was a grant upon condition subsequent, passing the title from Moore to Munger prior to both said warranty and quitclaim deeds from Moore to Thompson. We deem it unnecessary to determine whether the deed from Moore to Munger for said two acres contained a covenant or a grant upon condition. As shown above, Thompson, by his warranty deed to plaintiff, excepted said two acres and did not convey same to plaintiff. Plaintiff can claim no interest in said two acres by reason of said quitclaim deed. If said deed from Moore to Munger was a covenant, the title to said two acres remained in Moore, and if same was later conveyed by the latter to Thompson by said warranty deed, or by said quitclaim deed, such title cannot inure to the plaintiff as after-acquired title by Thompson, or otherwise, since said Thompson never did convey said two acres to plaintiff. On the other hand, if said Munger deed conveyed title to said two acres to Munger, subject to reverter on condition subsequent, then it is certain that plaintiff could derive no title to said two acres from Thompson in any event, since it is conceded that said two acres are still used for gin purposes,—the condition of such reverter never having occurred. It is unnecessary to consider other contentions of plaintiff. We thus conclude that under no theory alleged could the plaintiff have prevailed.

The judgment of the trial court should be and is, therefore, affirmed.

By the Court: It is so ordered.