## PORTER v. WARNER-CALDWELL OIL CO.

No. 28149. May 10, 1938.

John F. Pendleton, for plaintiff in error.

J. Wood Glass and Glenn H. Chappell, for defendant in error.

GIBSON, J. This case turns upon the construction of certain clauses of reservation and exception in deeds involving producing oil lands. Roy Porter, as plaintiff, brought the action to quiet his title to a number of oil wells on the premises. A demurrer to his evidence was sustained by the trial court.

Porter claimed under a chain of three deeds. The deed directly to him was from William S. Brock and wife. In the habendum clause is this language: "except oil and gas lease on the premises and reservation of record of oil and gas royalties." It seems clear that, if his grantors had title, Porter acquired all interest in the land except the leases and such royalty as might have been theretofore reserved and not conveyed to his grantors.

In the deed to Brock we find the following language in the conveying clause, after the description: "excepting the oil and gas royalty under the present existing lease now on said lands, which royalty has been conveyed to third parties by a former owner of said lands"; and in the habendum clause is this language: "except the prior conveyance of the oil and gas royalty under the present lease on said lands to third parties, as above set forth." No such prior conveyance of record appears, but there is a prior reservation of royalty. This deed, therefore, should be construed to convey to Brock all the title to the property that his grantor, D. A. Henderson, had except what had been reserved.

This brings us to the original deed to Henderson from Agnes Beebower and husband. In the conveying clause, after the description, are these words:

"This deed is intended to convey only the surface right in the property above described, the oil and gas royalties and the proceeds of the same being hereby specifically reserved to first parties, **provided** that second party is to receive the oil and gas royalties from all new wells which may be drilled on said premises subsequent to the execution and delivery of this deed"

—and in the habendum: "except oil and gas lease and oil and gas royalty as set out above."

Were it not for the exception, of course, the fee would have passed by this deed. The exception cuts down the estate transferred. But to the exception is attached a proviso which, it is claimed, in effect modifies the exception. Among familiar rules for construction urged by both parties are the following:

A deed must be construed most strongly against the grantor and most favorably to the grantee. Coley v. Williams, 98 Okla. 143,

224 P. 345. Intent of the parties is to be obtained from the whole instrument without undue preference to any part. Wilson v. Olsen, 167 Okla. 527, 30 P.2d 710. Provision in the warranty clause excepting minerals must be construed merely as excepting them from the warranty. Jarrett v. Moore, 159 Okla. 93, 14 P.2d 390. An exception in a deed withholds from its obligation some part or parcel or thing which but for its exception would pass by the general description. Edwards v. Brusha, 18 Okla. 234, 90 P. 727. The terms "reserving" and "excepting" are used interchangeably, and their technical meaning will give way to the manifest intent. Burns v. Bastien, 174 Okla. 40, 50 P.2d 377.

At the time of the execution of this deed there were eleven producing oil wells. Afterwards, under a scheme of development calculated to space the wells more equitably, other wells were drilled and some of the original wells abandoned. The result was that three of the original wells remained and 13 additional wells were drilled, making 16 producing wells. The lessee purchased whatever interest the grantors in the original deed had reserved, and claimed the entire oil and gas interests. The plaintiff admitted the defendant's title to the three wells left of the original eleven, but claimed title to the new wells, or rather to the oil and gas rights therein, subject to the lease. Defendant also had a quitclaim deed from D. A. Henderson. These deeds are urged as showing a construction of the original deed and of Henderson's deed. See White v. Wester, 170 Okla. 250, 39 P.2d 22.

There is little, if anything, in the subsequent deed from the original grantors that aids in construction. It does not recite on its face any particular reservation theretofore made. It is admitted that such grantors had reserved some oil and gas rights. These naturally could be conveyed by subsequent conveyance. This deed is not inconsistent with the claim here made by Porter. On the other hand, instead of the deeds from Henderson showing merely his intention in his deeds, it may be well urged that by the execution of these deeds Henderson construed the former grant to him as conveying some of the oil and gas royalties. The defendant must have believed Henderson obtained something under this deed, for if, as now asserted, nothing but surface rights passed to him, there was nothing to convey to defendant. But these deeds were not taken under circumstances such as to give much help in the construction here.

The defendant admits that the deed to Porter is clear down to the proviso. This part of the exception, it is said, is not definite enough to be regarded. We cannot agree. It describes the same thing as appears in the clause just preceding: "oil and gas royalties." The language "from all new wells which may be drilled on said premises subsequent to the execution and delivery of this deed" is not ambiguous. This plainly draws a line between the wells then on the land and those to be drilled after a certain date. Under the rules this language cannot be ignored. Likewise, ordinarily it must be taken to limit that which goes before. This whole clause plainly shows an intention to reserve, not all the oil and gas royalty, but all oil and gas royalty except that which is to come from newly drilled wells. In other words, the deed means that the grantors thereby conveyed all the surface rights and the oil and gas royalty from any and all new wells, reserving to themselves the oil and gas royalties from wells then on the premises. No doubt the grantors thought that the premises had been thoroughly drilled, and were therefore willing that the grantee should have any oil and gas royalties in any new wells that might be drilled, a condition which they no doubt thought would never occur. Defendant's counsel at the trial stated:

"The proof will show * * * that under the practice and method of development involved in this field and in that particular area where this land is situated, the property was at that time fully developed. It had on it all the wells drilled that needed to be drilled in accordance with the then known practice. That the method under which additional holes were drilled on this property at a later date was not known or in use at that time, and did not come into use for a number of years after that time and in this field was not used until approximately the date that this particular property was developed by what is known as the water flood or water driving method."

The original deed was made in 1918 and it was not until 1935, seventeen years later, that the new methods brought the new development. It appears, also, of course, that there had been no change in the condition when the intervening deeds under which Porter claims were given. As pointed out, these deeds apparently were intended to convey on down to Porter all that Henderson received from his grantors; the exceptions therein plainly were intended to except only that part which the original grantors reserved. This, as we have seen, was only the royalties from the existing

wells, as all oil and gas royalties from wells drilled after 1918 passed to the grantee in that deed and from him by mesne conveyances to Porter.

The oil and gas royalties were a proper subject of sale or grant. Burns v. Bastien, 174 Okla. 40, 50 P.2d 377.

It follows that Porter's petition stated a cause of action which was supported by his evidence. The trial court erred in sustaining a demurrer to the evidence, and its action is reversed and the cause remanded, with directions to proceed with the trial in accordance with the views herein expressed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.