BROCK et al. v. WARNER-CALDWELL OIL CO. et al.

No. 29777.   Dec. 17, 1940.

*108 P. 2d 217.*

Delos N. Tillotson, of Nowata, for plaintiffs in error.

Glass & Chappell, both of Nowata, for defendants in error.

PER CURIAM. On September 1, 1938, the plaintiffs filed an action in the district court of Nowata county, alleging, in substance, that they are the heirs of certain ancestors; that by virtue of reservations in described leases and conveyances plaintiffs' ancestors died seized of a right to receive the royalty interest in the oil and gas from any wells drilled after the 15th day of May, 1918; that said rights descended to plaintiffs; that sublessee, Forest Producing Corporation, has drilled a large number of new wells and plaintiffs are entitled to one-eighth of the oil and gas produced; that the defendant Warner-Caldwell Oil Company attempted to purchase the royalties by a mineral grant on September 19, 1929; that Warner-Caldwell Oil Company by said conveyance recognized the provisions of the agreement theretofore made between their grantors and the grantors of the plaintiffs' ancestors for a division of the royalty arising from the leases; that the defendant Warner-Caldwell Oil Company produced said property until June 26, 1935, and since then the leases have been operated by the defendant Forest Producing Corporation; that the amount of oil or number of wells is not known. Plaintiffs ask for an accounting and for one-eighth of the oil and gas produced as claimed by them and for a judgment accordingly.

The defendant Warner-Caldwell Oil Company, in its separate answer, alleges that plaintiffs had no right to the royalty interest, and that the question involved had been determined in Porter v. Warner-Caldwell Oil Co., 183 Okla. 1, 80 P. 2d 252, and that defendants Porter and Pendleton were necessary parties.

After such answer defendants Porter and Pendleton were made parties. Issues were joined by the pleadings of the various defendants. A trial to the court resulted in a judgment for the defendants, from which judgment and order plaintiffs have appealed and present the error in holding that the plaintiffs are not entitled to any of the royalty interest.

In the judgment rendered the trial court held that there was no reservation of oil and gas royalties in the ancestors of the plaintiffs and that all interest therein had been conveyed and assigned. In this we think the court reached the correct conclusion. The plaintiffs claimed by virtue of certain exceptions and reservations in deeds prior to one executed to Roy Porter, defendant. The deeds of May 25, 1928, from Agnes V. Beebower conveyed the royalty from new wells to Henderson, and the deed from Henderson to William S. Brock, dated October 11, 1920, conveyed to the Brocks the rights acquired by Henderson. Both these deeds were construed in Porter v. Warner-Caldwell, supra, and it was held that Porter acquired all the outstanding royalty interest through these conveyances and his deed from the Brocks. Like conveyances were considered and construed

in Jarrett v. Moore et al., 159 Okla. 93, 14 P. 2d 390, and Echolustee Oil Co. v. Johnston, 153 Okla. 92, 3 P. 2d 227, analyzed and discussed in Porter v. Warner-Caldwell Oil Co., supra.

It must of course be stated that the plaintiffs were not parties to the action in Porter v. Warner-Caldwell Oil Co., supra, and the opinion in that case is in no sense res adjudicata; but it appears so clear that the holding as to the ultimate result of the conveyances from Henderson to the Brocks and from the Brocks to Porter precludes any legal right to the claim asserted by the plaintiffs that we see no need of further authorities to support said holding. There being no royalty interest reserved for the benefit of plaintiffs, and therefore no right to obtain an accounting therefor from the defendants, we hold that there was no error in the judgment, and the same is affirmed.

WELCH, V. C. J., and RILEY, OSBORN, CORN, and NEFF, JJ., concur.