Baxter I. SCOGGIN, Jr., a/k/a B. I. Scoggin, Jr., Plaintiff in Error,

v.

Homer LEWIS (Summers Chapel Home Demonstration Club, Appellee), Defendants in Error.

No. 39782.

Supreme Court of Oklahoma.

Feb. 12, 1963.

Lawrence H. Green, Ada, for plaintiff in error.

Hobert G. Orton, Ada, for defendants in error.

WELCH, Justice.

Plaintiff below brings this appeal for alleged error in sustaining a general demurrer to his petition's second cause of action which was for ejectment and possession of a two-acre parcel of land referred to in said petition as "Tract No. 3."

Plaintiff alleged that, in the year 1927, Mr. and Mrs. F. B. Haskins, owners of the NW¼ of SW¼ of SW¼ of Section 26, Township 5 North, Range 4 East, I. M., Pontotoc County, Oklahoma, conveyed a square two acres (being the "Tract No. 3" here involved) in the Northwest corner of said described ten acre tract to Common School District No. 60 by warranty deed, the granting clause of which contained the following:

> "It being a part of the consideration herein, and agreed to by all parties hereto, that in the event said lands should be abandoned and not used for school purposes, then and in that event

the title shall revert to and vest in the grantors or their assigns, upon repayment of the amount of the purchase price named herein."

That thereafter, in the year 1942, Mr. and Mrs. F. B. Haskins executed in favor of one C. L. Owens a warranty deed conveying the

"West half of Southwest Quarter of Southwest Quarter, less two acres for school, of section 26, * * * all in Township 5 North, Range 4 East, I. B. & M."

and reserved to grantors all interest in the minerals and mineral rights. C. L. Owens and wife, Lois G. Owens, subsequently on September 29, 1943, executed a warranty deed in favor of the plaintiff to the

"W½ of the SW¼ of SW¼ of said Section 26."

That on or about March 25, 1960, Independent School District No. 9 (Vanoss School District) Pontotoc County, Oklahoma, successor to Common School District Number Sixty, (Summers Chapel) of Pontotoc County, Oklahoma, abandoned and ceased to use Tract No. 3 for school purposes; that thereafter, in June, 1960, Mrs. F. B. Haskins, one of the grantors, executed a quit claim deed to Summers Chapel Home Demonstration Club of the property described in said petition as "Tract No. 3;" that plaintiff has tendered to Independent School District No. 9, the sum of $150.00, the amount initially paid Mr. and Mrs. F. B. Haskins for the said school site.

Defendant concedes plaintiff's contentions that the deed from Mr. and Mrs. Haskins to Common School District No. 60 conveyed a determinable fee upon two conditions subsequent upon the occurrence of both of which, to terminate the fee so conveyed, there must be a re-entry by the grantors or their assigns, and also concedes that a right of re-entry may be transferred by the grantors thereof to a third party. However, defendant contradicts plaintiff's contention that the deed subsequently executed by Mr. and Mrs.

Haskins to C. L. Owens conveyed all of whatever interest grantors possessed in the whole tract, it being contended by defendant that C. L. Owens acquired no right, title, interest or right of re-entry in the excepted two acres, said tract No. 3, which he could convey to the plaintiff.

At the time of the execution and delivery of the deed to C. L. Owens, Common School District Number Sixty was the owner of the said two acres, Tract No. 3 by virtue of the aforesaid conveyance from Mr. and Mrs. Haskins, and was in possession thereof, using the same for school purposes, which fact was common knowledge and known by each of the parties to said deed. It appears that by the grant to C. L. Owens the grantors intended by such deed to convey only the surface interest in the lands they owned, and that the grantee intended to pay only for the surface interest in the lands he could acquire. It is apparent from the express words of the deed that the two acre tract used for school was excluded from the lands conveyed.

In 16 Am.Jur. 531, Section 168, it is said:

"The tendency of modern decisions is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities subject to be cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution, and the subject matter and the situation of the parties as of that time. Hence, in the construction of deeds surrounding circumstances are accorded due weight. In the consideration of these various factors, the court will place itself as nearly as possible in the position of the parties when the instrument was executed.

"Where the intention of the grantor clearly appears from the face of a deed, effect will be given thereto, however unusual the form of the deed, unless the repugnancy in its clauses is such as to render the deed utterly void."

The case of Barker v. Campbell-Ratcliff Land Co., 64 Okl. 249, 167 P. 468, in the body of the opinion on page 469 of the Pacific citation, L.R.A.1918A, 487, states the rule in the construction of deeds as to intent, in the following words:

"We are not unmindful of the rule urged by plaintiff that the grant containing a reservation or exception must be construed most strongly against the grantor. Another cardinal rule of construction is that the grant must be construed to effect the plain intention of the grantor, and if that intention is plain it controls, regardless of inconsistent clauses which are to be reconciled by the intent deduced from the entire instrument."

The five words in the granting clause of the deed, "less two acres for school" were obviously intended to perform some purpose. The common meaning of the word "less" when used as a preposition, as given by Webster's New International Dictionary, Second Edition, is: "Diminished by; minus; with the subtraction or deduction of." Thus by the use of said five words it can be determined, from the deed itself, that the grantors intended to convey to grantee, and the grantee intended to purchase the twenty acre tract described as:

"The S½ of SW¼ of SW¼ of said section 26, deminished by, or minus, or by subtracting therefrom the two acres owned and occupied by the School District."

■■ In other words, twenty acres, minus two acres, or eighteen acres of land were intended by the parties to be conveyed by the deed. The words "less two acres for school" excluded the lands referred to as Tract No. 3 from the conveyance to Owens, plaintiff's grantor. Therefore, C. L. Owens owned no right, title, interest or right of re-entry in said Tract No. 3 which he could convey to the plaintiff by his deed.

Plaintiff argues that there were no words sufficient to reserve in the grantors of the deed to C. L. Owens a right of re-entry in the two acres conveyed to the common school district and that the situation is one to which 16 O.S.1961 § 29 applies. Our conclusion, however, is that the two acres were clearly excluded from the grant to Owens, and that the said section of statute is inapplicable. 16 O.S.1961 § 29 reads:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

The subject conveyed by the grantor's deed to Owens appears so *limited by express words* as to except from the grant that parcel referred to by the phrase "less two acres for school."

In Porter v. Warner-Caldwell Oil Co., 183 Okl. 1, 80 P.2d 252, 253, it was said:

"* * * An exception in a deed withholds from its obligation some part or parcel or thing, which but for its exception would pass by the general description. * * *"

In Voss v. Thompson, 105 Okl. 238, 232 P. 392, 393, the deed conveyed a described 160 acres of land "except two acres out of the southwest corner of the southwest corner (quarter) of said land deeded to Fair Gin Company for their use in operating a gin plant." The court held this to be a clear exception of the two acres from the grant, saying that "[s]aid deed is plain and not susceptible of construction in respect to said two acres."

■ In Oklahoma City v. Local Federal Savings & Loan Ass'n et al., 192 Okl. 188, 134 P.2d 565, we quoted from 23 R.C.L. 1103, Sec. 6, concerning the conveyance of a fee on a condition subsequent, that:

"* * * Until the breach of the condition and a reverting of the estate through re-entry the whole title is in the grantee. While there is a possibility of reverter in the grantor, there is no reversion. This possibility is neither a present nor a future right,

but a mere possibility that a right may arise on the happening of a contingency, and being a mere possibility, it is not an estate."

In the body of the decision in that case it is said:

"The interests reserved to the grantor in a deed conveying a determinable fee on condition subsequent is merely a power, a power to declare a forfeiture of the estate upon condition broken. A power is defined by our statute as 'An authority to do some act in relation to real property, or to the creation or revocation of an estate therein, or a charge thereon, which the owner granting or reserving such power might himself perform for any purpose.' § 11839, O.S.1931, 60 Okl.St. Ann. [1961] § 183."

Although such "power" may be transferred, we can import no such transfer or assignment within the "four corners" of the deed. The exception of "Two acres for School" in the granting clause of the Haskins-Owens deed excluded the lands herein referred to as Tract No. 3 from the grant. For that reason the power of terminating the title of School District Number Sixty or its successor upon the occurrence of both conditions subsequent, could not have passed to plaintiff, but remained in Mr. and Mrs. Haskins, their heirs and assigns.

In Hodges v. Paschal, 195 Okl. 560, 159 P.2d 715, it was decided that in an ejectment action the plaintiff must allege and prove the title of plaintiff and that the plaintiff must prevail upon the strength of his own title, and not upon the weakness or want of title in the defendant.

█ Adhering to such rule, we hold that as plaintiff must recover on the strength of his own title and that as the petition fails to allege facts evidencing a title and a right of possession in him of the lands herein designated as Tract No. 3, the judgment of the lower court sustaining the gen-eral demurrer of the defendant to plaintiff's petition is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.