BOECKING–BERRY EQUIPMENT CO.,
Plaintiff in Error,

v.

John N. ANSAY and Annie Ansay, if living, or if deceased, then their respective unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote, Joseph Ansay, Walter Ansay, Robert Ansay, Clarence Ansay, Rose Ansay Wester, Eleanor Ansay Luettgen, Alice Ansay Hofbauer, Myrtle Ansay Bley, Arnold Ansay and Marilyn Ansay Watry, Defendants in Error.

No. 41630.

Supreme Court of Oklahoma.

March 25, 1969.

Rehearing Denied April 29, 1969.

Terry Shipley, Robert N. Berry, Oklahoma City, for plaintiff in error.

Delmer L. Stagner and LeRoy Powers, Stagner, Alpern & Powers, Oklahoma City, for defendants in error.

Elliott, Woodard & Rolston, Cantrell, Douglass, Thompson & Wilson, Lamun, Mock, Featherly & Baer, Ames, Daugherty, Bynum, Black, Ashabranner & Rogers, Darrough & Darrough, Highley & Highley, Oklahoma City, amicus curiae.

DAVISON, Justice.

The parties occupy the same relative positions in this court as in the trial court and will be referred to by their trial court designation. Plaintiff appeals from a judgment quieting the title to a one acre tract of land in the defendants and refusing to quiet the title thereto in the plaintiff.

The determination of this appeal involves the construction and effect to be given to certain provisions in two deeds. There appears to be no dispute as to other essential facts.

On March 25, 1899, John N. Ansay and Annie Ansay, his wife, the then owners of the Southeast Quarter of Section 34, Township 12 North, Range 4 West of the I.M. in Oklahoma County, conveyed by warranty deed to School District No. Fifty-five, one acre in the southeast corner thereof, described in the granting clause as beginning 33 feet north and 33 feet west of the southeast corner, thence north 16 rods, thence west 10 rods, thence south 16 rods, then east 10 rods to the point of beginning. In the habendum portion of the deed there is the following:

"* * * Except the crop now on the land together with the possession of said land which is hereby retained until said crop is removed and *should the said tract of land be not used at any time for school purposes the title hereto to revert to the grantors herein* * * *" (Emphasis added)

On February 17, 1900, the Ansays conveyed the Southeast Quarter by warranty deed to William Schutten. In the granting portion of this deed the conveyance was made subject to the following exception:

"* * * except one acre in the south east corner of said south east quarter of section thirty four heretofore deeded for school house purposes * * *"

In 1957, Putnam City Independent School District No. 1 annexed School District No. 55, and continued to operate a school on the one acre, or used the school house for storage of school equipment and supplies, until January, 1964. On January 8, 1964, the Putnam City School District conveyed the one acre tract by quit claim deed to plaintiff Boecking-Berry Equipment Co.

Plaintiff acquired title to other land in the Southeast Quarter that is adjacent to the subject one acre tract on the north and

west. The title to this other adjacent land is not in dispute in this appeal.

On October 20, 1964, the plaintiff filed the present action against John N. Ansay and Annie Ansay, if living, or if deceased, their unknown heirs, etc., to quiet the title to the one acre tract (and adjacent property) wherein plaintiff claimed title to the one acre tract by virtue of the quit claim deed from Putnam City School District and by mesne conveyances from William Schutten. Plaintiff also alleged and claimed title to the west 10 feet and the north 9 feet of the one acre tract by reason of adverse possession of these strips of land for a period of more than 15 years.

Joseph Ansay, Walter Ansay, et al. (defendants) answered, alleging they were the heirs of John N. Ansay and Annie Ansay, deceased, and claiming title to the one acre tract on the ground that the property had not been used for school purposes since January 8, 1964, and that under the provisions of the deed from the Ansays to School District No. 55, supra, they were entitled to re-enter and assert ownership of the property. Defendants prayed for possession of the one acre tract and that they be declared the owners thereof.

The case was presented to the trial judge upon the instruments of conveyance of title and a stipulation of facts wherein it was agreed that plaintiff was the present owner of all of the interest, if any, that William Schutten may have acquired in the one acre tract by virtue of the deed of February 17, 1900, from John N. Ansay and Annie Ansay to Schutten, and that the defendants were the owners of any interest John N. Ansay and Annie Ansay had in the tract after their deed to Schutten.

The trial court held that the Ansays reserved a right of re-entry in their deed to School District No. 55; that they did not convey their right of re-entry to Schutten in their deed to him; that any possession of the above described strips along the two sides of the one acre tract by plaintiff and its predecessors in title was not adverse while the balance of the tract was being used for school purposes; and quieted the title to the tract in defendants and directed they be placed in possession.

Plaintiff appeals to this court and urges the lower court committed error in rendering this judgment for the defendants.

The parties are in accord that the 1899 deed from the Ansays to School District No. 55, containing the provision that, "should the said tract of land be not used at any time for school purposes the title hereto to revert to the grantors herein," conveyed a determinable fee upon condition subsequent, and by it, the Ansays retained only a right of re-entry upon the happening of the contingency. Oklahoma City v. Local Federal Savings & Loan Ass'n, 192 Okl. 188, 134 P.2d 565.

The parties are also in accord that this right of re-entry was alienable in 1900, when the Ansays conveyed the quarter section to Schutten with the granting portion of the deed having the following provision, "except one acre in the south east corner of said south east quarter of section thirty four heretofore deeded for school house purposes."

Plaintiff contends the deed from the Ansays to Schutten conveyed to Schutten (plaintiff's source of title) the right of re-entry previously reserved by the Ansays. Plaintiff urges that the exception in the deed excepts from the grantor thereof only the interest previously conveyed to School District No. 55, and does not except the right of re-entry held by the grantors Ansays.

Defendants contend the exception, supra, under the law and applicable decisions was sufficient and did except from the conveyance the existing right of re-entry and that such right is now vested in them as heirs of the Ansays.

Our statute, 16 O.S.1961, § 29, provides that "every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

The proposition presented is whether or not the conveyance in the Ansay-Schutten deed is "limited by express words" which effectively except from the grant the right of re-entry the Ansays had in the one acre tract.

In Voss v. Thompson, 105 Okl. 238, 232 P. 392, the granting clause in the deed conveyed the described entire 160 acres of land "except two acres out of the southwest corner of the southwest corner (quarter) of said land deeded to Fair Gin Company for their use in operating a gin plant." We held this to be a clear exception of the two acres from the grant, stating, "Said deed is plain and not susceptible of construction in respect to said two acres." At the conclusion of our discussion, concerning the effect of a contemporaneous memorandum, we said the grantor intended to convey what he did convey to the grantee, "the 160 acres, except the two acres, notwithstanding the memorandum. It thus appears that plaintiff (grantee) can claim no estate in said two acres under said deed from Thompson (grantor)."

In Oklahoma City v. Local Federal Savings & Loan Ass'n, supra, (192 Okl. 188, 134 P.2d 565), the deed conveyed certain lots in Oklahoma City, "Except forty feet (40) off the north end of said lots heretofore conveyed to the C.O. and G.R. R. Co." One of the questions presented on appeal was whether the deed conveyed a right of re-entry the grantor had in the excepted forty feet by virtue of the provisions in the prior deed to the railroad company. The court held that the right of re-entry was not conveyed. We said that the language of the exception was of the very land itself; that an exception in a deed withholds from its obligation some part or parcel or thing, which but for its exception would pass by the general description (Porter v. Warner-Caldwell Oil Co., 183 Okl. 1, 80 P.2d 252, 253); and that whatever is excluded from the grant by exception remains in the grantor as of his former right (16 Am.Jur. 609). The court cited the Voss case, supra, saying that the simi-larity of the language of the exception in that case and the language of the exception being considered was apparent, and that in both the exception was of the grant itself, not of the easement or estate of the occupier of the excepted tract.

In Scoggin v. Lewis, Okl., 378 P.2d 869, the owners (Haskins) of a ten acre tract conveyed two acres in the corner thereof to School District No. 60 by a warranty deed containing a provision in the granting clause "that in the event said lands should be abandoned and not used for school purposes, then and in that event the title shall revert to and vest in the grantors or their assigns" upon repayment of the purchase price. Thereafter, the Haskins conveyed the 10 acres (and other lands) by warranty deed to one Owens, by the description "West half of Southwest Quarter of Southwest Quarter, *less two acres for school*, of section 26, * * *" (emphasis added) with a reservation of all minerals. Thereafter the two acre tract was abandoned and not used for school purposes. The question on appeal was whether the last deed conveyed to Owens any right, title, interest or right of re-entry in the excepted two acres. We held the estate conveyed was *limited* by *express words*, as required by 16 O.S.1961, § 29, supra, and that the phrase "less two acres for school" excepted that parcel from the grant. We cited the Local Federal Savings & Loan Ass'n case, supra, for the proposition that the interest reserved to the grantor in a deed conveying a determinable fee on condition subsequent (right of re-entry) is merely a power, and concluded as follows:

"Although such 'power' may be transferred, we can import no such transfer or assignment within the 'four corners' of the deed. The exception of 'Two acres for School' in the granting clause of the Haskins-Owens deed excluded the lands herein referred to as Tract No. 3 from the grant. For that reason the power of terminating the title of School District Number Sixty or its successor upon the occurrence of both conditions

subsequent, could not have passed to plaintiff, but remained in Mr. and Mrs. Haskins, their heirs and assigns."

It is our opinion that the above decisions are directly in point in the present situation and are contrary to plaintiff's contention.

Plaintiff cites the decision in Shell Petroleum Corporation v. Hollow, 70 F.2d 811 (10th Cir. 1934), and cases from other jurisdictions with similar holdings, in support of its contention thet the deed from the Ansays to Schutten conveyed the right of re-entry to Schutten. That case involved a situation in Kansas that, for practical purposes, we will assume is the same as in the present case. In that case the court, relying on Kansas cases, said the interest conveyed to the school district was an easement and held the rule of law applicable in right of way situations, that conveyance of the fee of the abutting tract passes title to the servient estate in the land within the right of way, should be extended to small tracts dedicated to school purposes. The court said that the exception of the one acre school tract in a later deed did not exclude the servient estate in the school tract by clear, unequivocal, and unmistakable language.

The decision in the Hollow case is contrary to our decision in the Scoggin case, supra. It is directly contrary to our holding in the Local Federal Savings & Loan case (134 P.2d 565, 573) where we said the exception was of the very land itself and was an exclusion by clear, unequivocal and unmistakable language.

We adhere to our prior decisions.

Plaintiff also cites Whitman v. Harrison, Okl., 327 P.2d 680, as clearly analogous and applicable to the present case. We do not agree. In that case the grantor (Nellie Ketchum) in the deed was the owner of the surface of 80 acres, 5 acres of minerals in fee, and a reversionary interest in 60 acres of term minerals, which had not yet reverted to her. She conveyed the 80 acres by warranty deed with the following language immediately after the legal description of the 80 acres:

"It is understood that Grantor is conveying only 5/80ths of the oil, gas and mineral rights in and under the above described land, and that this conveyance is made subject to oil, gas and mineral rights amounting to 75/80ths of the total oil, gas and mineral rights previously sold by this grantor, which is hereby excepted from this grant."

We said that in view of 16 O.S.1961, § 29, there must be appropriate language expressly reserving some *interest* in and to the grantor, or the grantor's entire interest passes by a warranty deed. We held this language did not reserve to grantor the reversionary interest in the 60 acre term minerals, because the separate clause made it clear she could only fully convey 5/80 of the minerals, due to the fact she had previously sold 75/80 of the total oil, gas and mineral rights, and for the further reason that the grantor was treating the 60 acre term mineral interest in the same relation as she was the 15 acres of minerals in fee, by excepting the entire 75/80 mineral interest together.

In addition to the difference in facts, we point out another distinguishing feature between the two cases. In the Whitman case the grantor was conveying the entire 80 acres and the subject of the claimed exception was an undivided interest in the entire 80 acres. In the present case the exception removed or excluded from the grant the one acre, the land itself, in which defendants claimed a right of re-entry.

It is our conclusion and we hold that the deed from the Ansays to Schutten did not convey to Schutten the right of re-entry in the one acre.

Plaintiff further contends the trial court erred in holding that plaintiff had not acquired prescriptive title to the west 10 feet and the north 9 feet of the one acre tract by reason of adverse possession thereof by plaintiff and its predecessors for a period

of more than 15 years. It is plaintiff's position that this possession was not adverse to the school district, but was adverse to the defendants' right of re-entry.

The trial court stated that there was no need to determine the question of whether the plaintiff had been in adverse possession of the strips of land for more than the prescriptive period because plaintiff could not hold adversely to the School District. Defendants concede, for the purpose of considering this proposition, that this court may assume the plaintiff had held and used the strips of land in such manner as would constitute adverse possession, except for the fact that the School District was in possession of the premises.

Plaintiff cites Sanford v. Sims, 192 Va. 644, 66 S.E.2d 495, as being a case directly in point on this proposition. The facts were that a tract of land was deeded to a railroad with a provision for reverter in the event the property was not used *solely and exclusively* for enumerated railroad purposes. A change in the location of the depot and track rendered a considerable portion of the tract not suitable for railroad purposes and the railroad company used and leased out that part of the tract to persons for use for non-railroad purposes for more than 15 years. The railroad then sold this part of the tract and the grantee sought to quiet title against the heirs of the original grantor, who held the right of re-entry arising from the breach of the condition provided in the deed to the railroad company. The trial court quieted title against the heirs. The appellate court affirmed and held that the title of the railroad's grantee did not depend on adverse possession against the heirs, but depended upon the title conveyed by the heirs' ancestor to the railroad, which conveyed the fee simple title to the property, subject to be divested by the happening of the condition subsequent. The court said the breach (by the railroad) had occurred and given rise to a right of re-entry, which was the only claim the heirs had to the land, and, since the heirs had failed to assert this right within the statutory period, the title and

possession of the railroad's grantee continued unaffected by the condition.

The above holding in the cited case clearly distinguishes it from the present case. In the cited case the prevailing title and possession of the railroad's grantee was based upon the railroad's title and the railroad's use of the property for the statutory period in a manner violating the condition subsequent. In the present case the named School Districts did not use the one acre, or any part thereof, for a non-school purpose, and, when plaintiff took title by quit claim deed from Putnam City School District, the plaintiff took only such title as that grantor had and without the benefit of any accrued period of non-school use by either School District. The decision is not in point.

■ Plaintiff concedes that the possession was not adverse to School District No. 55 and the Putnam City School District. This is in accord with our decisions. In Merritt Independent School Dist. No. 2 etc. v. Jones, 207 Okl. 376, 249 P.2d 1007, title was in the school district and later it removed the school building and made no use of the land for 25 years, and during 20 years thereof the tract was in the sole possession of other persons. We held that the doctrine of adverse possession does not apply to school property and the provisions of 60 O.S.1961, § 333 (title by prescription) may not be invoked to acquire same.

In Oklahoma City v. Local Federal Savings & Loan Ass'n, supra, we held that, under a deed like that from the Ansays to School District No. 55, that until the breach of the condition and a reverting of the estate through re-entry the whole title is in the grantee, and, while there is a possibility of reverter in the grantor, there is no reversion.

In Fuhr v. Oklahoma City, 194 Okl. 482, 153 P.2d 115, we held that subsequent to 1893, for the reasons therein given, all future interests are either reversions or *remainders*, and are alienable.

■■ In this situation and under this law we fail to see wherein it was incum-

bent upon defendants to exercise or attempt to exercise their right of re-entry to the one acre or to the strips of land because of failure to use the entire one acre for school purposes. The title to the one acre was in the school district and this preserved the entire one acre from loss of all or a part thereof by adverse possession. It appears clear to us that the statute of limitation should not begin to run against the holder of the right of re-entry until there has been such a breach of the condition as to render the right enforceable.

In Smith v. Williamson, 208 Okl. 323, 256 P.2d 174, we recognized the rule that since a remainderman has no right of possession until the particular estate is terminated, the general rule is that laches, estoppel, or the statute of limitations will not run against a remainderman prior to the termination of the life tenancy.

In Putnam v. Oklahoma City, Okl., 296 P.2d 797, we held that where any breach of a condition subsequent occurred in 1912, any right to declare a forfeiture by reason of the breach arose in 1912, and gave rise to a right of re-entry at that time, and plaintiff, who failed to assert the claimed right of re-entry for 40 years, was barred by the 15 year statute of limitation.

See also Miller v. Stoppel, 172 Kan. 391, 241 P.2d 488, 492.

It is our conclusion that the possession of the strips of land by plaintiff and its predecessors prior to the time the school districts stopped school operations was not adverse to the defendants' right of re-entry in the property. The lower court did not err in refusing to quiet title thereto in plaintiff.

The judgment of the lower court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., dissents.