MITCHELL et al. v. GRAHAM et al.

No. 31080.   Dec. 7, 1943.

*143 P. 2d 815.*

Harve N. Langley, of Pryor, for plaintiffs in error.

Irwin Donovan, of Muskogee, and Ernest R. Brown, of Pryor, for defendant in error Annie Graham.

Busby, Harrell & Trice, of Ada, for defendants in error Jesse Scarborough, W. B. Osborn and T. C. Bowling.

RILEY, J. This action was commenced on August 3, 1940, by Annie Graham, one of the defendants in error herein, against numerous persons to quiet title to several hundred acres of land in Mayes county. This appeal involves only 20 acres of land, which is the north half of the northwest quarter of the southwest quarter of section 21, township 21 north, range 19 east. The plaintiff, Annie Graham, claims title to the land involved by prescription. The pleadings are involved by reason of the fact that the action as commenced included other land. However, she alleged in her petition that she was in the actual and peaceable possession of the southwest quarter of said section 21 (which includes the 20 acres above described), and that she

". . . and those through whom she derives her title, towit: Nannie R. Mayes, W. A. Mayes and the defendant, the Walton Trust Company, have been in the actual, exclusive, open, visible, notorious and adverse possession of said land and every part thereof, claiming to own same continuously for more than fifteen (15) years prior to the date of the filing of this suit . . ."

She alleges that on August 25, 1919, Nannie R. Mayes, who was the owner of said land, and W. A. Mayes, her husband, executed two certain mortgages

covering said land to the Walton Trust Company; one mortgage being for $9,-500 and the other for $1,377.50; that on the same day Nannie R. Mayes and W. A. Mayes, with W. E. Mayes, a single person, and Mayme Mayes, a single person, executed another mortgage to the said Walton Trust Company for $5,000 covering said land; and .

". . . that said $5000.00 mortgage was foreclosed by a judgment rendered by this court on March 26, 1923, in the case of Walton Trust Company, plaintiff vs. Mayme Smith, nee Mayes, and others, Case No. 2367 on the Docket of this Court and that at the Sheriff's Sale held and confirmed pursuant to said judgment, The Walton Trust Company became the purchaser of said land and said land was duly conveyed to it by the Sheriff of Mayes County, State of Oklahoma; that the land hereinabove described was sold at said Sheriff's Sale subject to said mortgages for $9500.00 and for $1377.50 respectively."

Plaintiff pleaded conveyance of said land on April 1, 1926, by the Walton Trust Company to Annie Graham, administratrix of the estate of Andrew C. Koontz, deceased, and other mesne conveyances whereby the title was vested in said plaintiff, Annie Graham. As to the particular land here involved, plaintiff alleged:

". . . that of the land hereinabove described, the: Northeast Quarter of the Northwest Quarter of the Southwest Quarter of Section Twenty-one (21), Township Twenty-one (21) North, Range Nineteen (19) East, was part of the allotment in the Cherokee Nation of John C. Ballard, and that of the land hereinbefore described, the Northwest Quarter of the Northwest Quarter of the Southwest Quarter of Section Twenty-one (21), Township Twenty-one (21) North, Range Nineteen (19) East, was a part of the allotment in the Cherokee Nation of James F. Ballard . . . ,"

—and that defendants,

"Inez Ballard, Alberta Inez Pickell, Virginia May Wallace and C. D. Mitchell claim some right, title, interest or estate in or to the two tracts of land above described as parts of the allotments of John C. Ballard and James F. Ballard, by descent from John C. Ballard and James F. Ballard, or by conveyance or conveyances from persons claiming descent from James F. Ballard and John C. Ballard, but plaintiff alleges that said claims are wholly without right and that if said defendants, or any of them, ever had any valid claim or claims to an interest in said lands, said claims are barred by the provisions of the fourth subsection of Section 99 of Oklahoma Statutes, 1931."

Jesse Scarborough, W. B. Osborne, and T. C. Bowling were made parties defendant. They appeared and pleaded ownership by them of a triangular parcel of land in the northwest corner of the 20-acre tract described by metes and bounds, containing one and one-fourth acres. They base their title upon a warranty deed dated March 11, 1931, from Annie Graham to Jesse Scarborough and subsequent mesne conveyances showing ownership of one-third interest in said one and one-fourth acres in each of said defendants Jesse Scarborough, W. B. Osborne, and T. C. Bowling. Plaintiff in her petition admitted and pleaded the conveyance by her by warranty deed to said defendant Scarborough of said one and one-fourth acre tract. Defendants Scarborough, Osborne, and Bowling filed a cross-petition to quiet title in them as to said one and one-fourth acre tract.

C. D. Mitchell, R. H. Sibley, Inez Ballard, Alberta Inez Ballard Pickell, and Virginia Maye Ballard Wallace were also made parties defendant. They answered by general denial and alleged that C. D. Mitchell and R. H. Sibley owned the 20 acres of land here involved except an undivided one-half interest in the oil, gas and minerals in and under said land which they alleged was owned by defendants Inez Ballard, Alberta Inez Ballard Pickell, and Virginia Maye Ballard Wallace. They set forth the various instruments which they claimed showed title in them. Reply was by general denial. The cause was tried to the court, resulting in a decree quieting title to the 20 acres in plaintiff, Annie Graham, except the one and one-fourth acre tract above mentioned, title to

which was decreed in W. D. Osborne, T. C. Bowling, and Jesse Scarborough.

The facts as disclosed by the record are in substance that Nannie R. Mayes and W. A. Mayes were in possession of the land involved and had it enclosed as a part of their ranch. It is not shown when this possession began, but it is apparent that it was several years before 1919. In August, 1919, while they were in possession, they executed three mortgages covering the land to the Walton Trust Company in which they warranted title in themselves. In 1920 they conveyed the land to Motter and Briscoe, again warranting title. In 1921 they asserted title and claim of ownership by bringing an action against Motter and Briscoe. The Walton Trust Company foreclosed one of its mortgages, and on January 24, 1924, sheriff's deed was issued to the Walton Trust Company, pursuant to the decree of foreclosure and confirmation of sale. On that date the Walton Trust Company entered into possession of the land by its tenants. Such title as the Walton Trust Company acquired was thereafter by successive conveyances vested in Annie Graham. From and after January 24, 1924, the Walton Trust Company and its successors in interest have been in possession of the land.

Inez Ballard was an adult at the time she acquired her interest in the land by descent from her husband. Plaintiffs in error Virginia Maye Ballard Wallace and Alberta Inez Ballard Pickell were minors at the time they acquired their interest, but became of age in 1926 and 1928, respectively. They made no effort to recover possession of the land within two years after they attained their majority and not until they filed their answer in this case, August 25, 1940. That was more than 16 years after the sheriff's deed to the Walton Trust Company, and more than 20 years after Nannie R. Mayes and W. A. Mayes executed the mortgages to the Walton Trust Company.

Defendants C. D. Mitchell, R. H. Sibley, Inez Ballard, Alberta Inez Ballard Pickell, and Virginia Maye Ballard Wallace appeal.

They present two propositions: First, that the statute of limitations does not run against a person under disability of minority; and, second, that the possession of Nannie R. Mayes and W. A. Mayes, mortgagors in the mortgage which was foreclosed resulting in the sheriff's deed to the Walton Trust Company, was permissive and did not ripen into adverse possession. In their briefs plaintiffs in error concede that Annie Graham's chain of title was proven substantially as alleged in her petition. They then say:

"There is no dispute that the mortgagors were in possession of the land in 1919, or that the Walton Trust Company took possession in 1924 (when it got the sheriff's deed) or that Annie Graham took possession April 1, 1926 . . . ."

At the trial it was stipulated that the record title claimed by plaintiffs in error was as stated in the pleadings, which is:

"(1) Cherokee Nation patent conveying the east ten acres of said twenty acres to one John C. Ballard as a portion of his allotment . . .

"(2) Cherokee Nation patent conveying the west ten acres of said twenty acres to one James F. Ballard as a portion of his allotment . . .

"(3) Said John C. Ballard died intestate, unmarried, without issue, in year 1909, and left surviving him his father, James F. Ballard, and his mother, Jessie M. Ballard, who equally inherited the east ten acres of the above mentioned twenty acres;

"(4) Said James F. Ballard died intestate, in the year 1912, and he left surviving him a son Henry T. Ballard, and Jessie M. Ballard, his wife, and, who equally inherited the interest of decedent in the east ten acres of said twenty acres of land; and the ten acres so patented to said decedent;

"(5) Said Henry T. Ballard died intestate in year 1920, leaving surviving him, defendant Inez Ballard, his widow, Alberta Inez Ballard Pickell, and Virginia Maye Ballard Wallace, his only issue;

"(6) Said Jessie M. Ballard died intestate in year 1920, and she left surviving her, the issue of her son, Henry T. Ballard, above mentioned;

"(7) Quitclaim deed, dated July 28, 1913, executed by said Henry T. Ballard, conveying to Hattie West, the west ten acres of said twenty acres . . .

"(8) Quitclaim deed, dated August 1, 1918, executed by Hattie West, conveying the west ten acres of said twenty acres to defendant Virginia Maye Ballard (now Wallace) . . .

"(9) Quitclaim deed, dated June 2nd, 1936, executed by defendants Inez Ballard, Alberta Inez Ballard Pickell, and Virginia Maye Ballard Wallace, conveying said twenty acres to defendant C. D. Mitchell, reserving the aforesaid interest in the minerals . . . ."

It was stipulated and is conceded that Alberta Inez Ballard (now Pickell) became of age in 1928, and that Virginia Maye Ballard (now Wallace) became of age in 1926; therefore, both were minors on August 25, 1919, when Nannie R. Mayes and W. A. Mayes, who were then in possession of the land here involved, executed the mortgages to the Walton Trust Company, which appears to have been the first active assertion or claim of ownership of the property here involved.

Plaintiffs in error contend that the statute of limitations did not run as against said minors during their minority.

The record discloses that Virginia Maye Ballard (now Wallace) and Alberta Inez Ballard (now Pickell) owned an interest in the land here involved from and after August 1, 1918. In support of the assertion that the statute of limitations did not run as against said plaintiffs in error during their minority, that is, down to 1926 and 1928, respectively, plaintiffs in error cite Thomas et al. v. Morgan et al., 113 Okla. 212, 240 P. 735; and Channell et al. v. Jones et al., 184 Okla. 644, 89 P. 2d 769, which apparently support their contention.

Defendants in error cite and rely on Wirick et al. v. Nance, 178 Okla. 180, 62 P. 2d 997, which holds to the contrary.

In Pearson et al. v. Hasty et al., 192 Okla. 425, 137 P. 2d 545, the same question was presented, and the authorities on both sides of the question were reviewed. The rule stated in Wirick et al. v. Nance, supra, was adhered to, and it was held:

"The 15-year statute of limitations on actions for recovery of realty held adversely begins to run against minors and others under legal disability when right of action for possession accrues the same as against adults, but an additional two years after majority or removal of disability is granted in which to commence action."

Thomas et al. v. Morgan, supra, and Channell et al. v. Jones et al., supra, are therein expressly overruled, insofar as they are in conflict with the rule there announced.

The question is therefore settled adversely to the contention of plaintiffs in error herein.

The only other contention of plaintiffs in error is that the possession of Nannie R. Mayes and others, the mortgagors in the mortgage which was foreclosed, resulting in the sheriff's deed to Annie Graham's grantor, was permissive and did not ripen into adverse possession.

Wash Mayes, the son of W. E. Mayes and Nannie R. Mayes, testified for defendants. The former testified that the 20 acres here involved was always enclosed in the ranch which his father owned; that Mayme Mayes is his sister; that he did not know whether his father and mother owned the 20 acres or not.

He was then asked: "Now, Mr. Mayes, isn't it true that your father and the family had permission from the Ballards to use that property for pasture purposes?" He answered: "I think it is, yes, sir." That is all the evidence as to whether the occupancy of W. E. Mayes and Nannie R. Mayes was permissive. The witness did not know, and stated

only what he thought about the matter. He testified that he himself never owned or claimed to own the 20 acres, but admitted that he signed the $5,000 mortgage along with his father, mother, and his sister. He testified that his sister, Mayme Mayes, never did claim to own the land. When asked whether W. E. Mayes ever claimed to own the 20 acres, his answer was: "Well, I wouldn't think he would, unless he had a deed on record." He was asked whether the Mayes had a deed for the 20 acres and his answer was "Not on record." He was then asked whether he paid rent. His answer was: "I couldn't say about the rent."

The testimony of this witness was not sufficient to conclusively show permission from the owner or owners of the land involved for W. E. Mayes and Nannie R. Mayes to fence, use and occupy said land. Neither is it sufficient to conclusively show that Nannie R. Mayes and W. E. Mayes were not holding possession under the claim of right or ownership. That possession is adverse may be evidenced by conveying or encumbering land. 1 Am. Juris. 868; Warner v. Wickizer et al., 146 Okla. 323, 294 P. 130. The question of adverse possession was one of fact to be determined by the court from all the facts and circumstances in evidence. The findings of the trial court were general in favor of the plaintiffs. This included a finding that the possession of W. E. Mayes and Nannie R. Mayes was adverse, and therefore not permissive.

Affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., not participating. WELCH and HURST, JJ., absent.