RICHARDS et al. v. FREEMAN et al.

No. 34460.   April 23, 1952.

Rehearing Denied July 15, 1952.

Application for Leave to File Second Petition for Rehearing Denied Sept. 9, 1952.

247 P. 2d 731.

McNeill & McNeill, Tulsa, for plaintiffs in error.

S. H. King, Pauls Valley, for defendant in error Harold Freeman, Executor.

PER CURIAM. The parties to this appeal will be referred to as plaintiffs and defendant, being the respective positions occupied by them in the trial court.

Plaintiffs, as sole heirs of Voyage Russell, deceased, instituted this suit to quiet title to the following described real estate in Garvin county Oklahoma, to wit: north half (N/2) of the southeast quarter (SE/4) of the northeast quarter (NE/4) of section 23, township 1, north, range 1 west.

The defendant, Harold Freeman as Executor (also referred to as administrator) of the estate of R. L. Freeman, deceased, filed answer and crosspetition claiming title to said land and praying that the defendant's title thereto be quieted against plaintiffs. From judgment of the trial court against plaintiffs and in favor of defendant, plaintiffs have perfected this appeal.

The land in controversy, being the land hereinabove described, was patented to Voyage Russell in the year 1908. Shortly thereafter he erected a house thereon and occupied same with his wife Amanda, and four children of said marriage, being the plaintiffs, Jennie Anne Richards, Roosevelt Russell, Strickland Russell, and a son, Henry Russell, who died in 1922. Amanda Russell, the first wife of Voyage Russell, died in 1915. In 1918, Voyage Russell married Miss Samuel Waits (known as "Sammie"), and of this second marriage one child, Levi Russell, was born.

The second wife "Sammie" died in 1919, and Voyage Russell died in 1921. At the time of the death of Voyage Russell in 1921, his children were of the following ages, Jennie Anne Richards 21; Roosevelt Russell 20; Henry Russell 17; Strickland Russell 14, and Levi Russell 2.

In 1911, and while living on the land as his homestead, Voyage Russell executed a mortgage thereon to R. L. Freeman. Amanda, the first wife of Voyage Russell, although living at the time, did not join in this mortgage. In July, 1914, R. L. Freeman filed suit to foreclose the mortgage, and Amanda, the wife of Voyage Russell, was not made a party thereto. Judgment of foreclosure was entered in September, 1914. In 1919, R. L. Freeman obtained an order of sale and the above land was advertised and sold to R. L. Freeman, who obtained a sheriff's deed thereto, which deed was issued and recorded in 1920.

The action which is now before us on appeal was filed by plaintiffs in 1947, at which time Levi Russell, the youngest of the above-named children of Voyage Russell, was 28 years of age.

Plaintiffs contend that upon the death of Voyage Russell, intestate, in 1921, the title to the land passed, under the statutes of succession of the State of Oklahoma, to plaintiffs; that from the date of the death of Voyage Russell in 1921, to the date of the filing of this suit in 1947, plaintiffs have been in actual, open and adverse possession of the land; that the mortgage from Voyage Russell to R. L. Freeman upon the land which constituted the homestead of Voyage and Amanda Russell, not being signed by the wife, was void and that the judgment entered in the foreclosure action thereon and the resulting sheriff's deed are likewise void; that R. L. Freeman was at no time placed in possession of the land, and that plaintiffs did not at any time recognize the possession of Freeman.

Defendant contends that the sheriff's deed to R. L. Freeman having been issued and recorded in 1920, prior to the death of Voyage Russell in 1921, the right of Voyage Russell, and, after his death, the right of his heirs, to set the deed aside accrued at the time of the recording of the deed, and that the five year limitation period prescribed by 12 O. S. 1941 §93, par. 1, for the setting aside of said deed, and the fifteen year limitation period prescribed by 12 O. S. 1941 §93, par. 4, were not tolled by the death of Voyage Russell, and that the right of those plaintiffs who were of legal age at that time to set aside said deed became barred after five years from the date of recording of the deed; and that the respective rights as to those plaintiffs who were minors at that time to set aside said deed became barred at the expiration of two years after they reached the age of majority; and, further, that defendant acquired title to said land by reason of having had adverse possession thereof for more than fifteen years prior to the filing of this action; and that, in any event, plaintiffs are barred by laches.

At the conclusion of the trial of this case the court made extensive findings of fact and conclusions of law, and while there was conflicting evidence at the trial, we are of the opinion, and so hold, that the findings of fact by the trial court were not contrary to the weight of the evidence, and that the resulting judgment of the court in favor of defendant is supported by the applicable law.

The trial court found that plaintiffs failed to prove by a preponderance of the evidence that after the death of Voyage Russell they had more than "intermittent scrambling possession with or permissive use of said land under R. L. Freeman"; that in 1921 or 1922, after the death of Voyage Russell, R. L. Freeman, accompanied by the undersheriff of Garvin county, Oklahoma, went to the land in question and advised plaintiffs Roosevelt Russell and Jennie Anne Richards, who were then occupying the land, that R. L. Freeman had bought the land and was the owner

thereof; that while no writ of assistance was issued in the foreclosure case, nor was it proven that Voyage Russell admitted R. L. Freeman into possession, however, the order approving the sheriff's sale to Freeman provided that Freeman be immediately let into possession and upon presentation of a certified copy of the order the defendant (in the foreclosure case) and every person who had come into possession of the premises, immediately deliver possession to Freeman, and that upon their refusal to do so the sheriff should put Freeman into possession; and, further, the presumption is that the undersheriff did his duty in this connection.

That shortly thereafter plaintiff Roosevelt Russell moved his house from the land in question to an adjoining 20 acres owned by him where he remained until his own land was lost by foreclosure, after which he moved back onto the land in question and lived there from 1927 to 1935 at which time he again moved therefrom; that R. L. Freeman exercised complete ownership and dominion over the land since about 1925 or 1926, and "quite possibly and not improbably since 1921 or 1922 or 1923", until his death in 1946; that a ranch foreman of R. L. Freeman was in possession of said land for Freeman, using, fencing and pasturing the land since about 1926 and until he quit his employment in 1939; that R. L. Freeman paid all of the taxes on the land involved from prior to the date of his mortgage in 1911 to the date of his death in 1946, and that his Executor, Harold Freeman, defendant herein, paid the taxes since his death; that R. L. Freeman paid and obtained releases of all mortgages given on the land by Voyage Russell prior to the date of the sheriff's deed; that in 1923, Freeman listed the land in question as his property in a drainage district, in which drainage district the plaintiffs Roosevelt Russell and Jennie Anne Richards were parties as to adjacent land owned by them; that thereafter Freeman filed suit in the district court of Garvin county against the county treasurer and bondholders to establish that the drainage district taxes, as to the land in question, had been paid; that beginning in 1934 and up until the year 1945 he executed oil and gas leases and pipe line easements on said land and that a producing oil well was discovered on the land in 1946; that Harold Freeman, Executor, and R. L. Freeman, deceased, were in the actual, open, notorious, continuous, exclusive, hostile and adverse possession of the land involved for more than 15 years prior to the filing of plaintiff's petition, and that such possession was under claim of right and color of title, and that defendant's title has ripened into an absolute title by prescription.

As pointed out above, the youngest child of Voyage Russell became 21 years of age in 1940, and when this suit was filed in 1947 this child was 28 years of age.

Title 12 O. S. 1941 §93, par. 1, being the five-year limitation statute material herein, provides:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter: 1. An action for the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, within five years after the date of the recording of the deed made in pursuance of the sale. * * *".

While the foreclosure judgment and sheriff's deed issued thereon to R. L. Freeman, were, as was held by the trial court, void as to this homestead property and the same could, by timely suit, have been set aside by Voyage Russell during his lifetime, and after his death by his heirs, nevertheless, upon the recording of the deed in 1920, the five-year statute of limitations provided by the above statute began to run from the date of the recording of

the deed, as against Voyage Russell and all of his children, and the right of the minor children to assert the invalidity of the mortgage, judgment and deed, and to institute suit to recover the land, became barred upon expiration of two years from their arrival at age of majority.

In Aldridge v. Caskey, 144 Okla. 204, 291 P. 91, this court held:

"Where the statute of limitations had begun to run during the life of the ancestor, his death will not suspend it in favor of the minor heir"

That the statute runs whether the sheriff's deed is void or not, was determined by the court in Goslen et al. v. Waddell Investment Co., 145 Okla. 269, 292 P. 362, wherein it was held:

"A sale of real estate under an order of sale issued in a mortgage foreclosure proceeding is a 'sale on execution' within the meaning of subd. 1, sec. 183, C. O. S. 1921. An action by the judgment debtor to recover the property so sold must, therefore, be brought within five years after the date of the recording of the sheriff's deed executed in pursuance of such sale"

"Paragraph 1 of section 183, supra, in creating the limitation against the recovery of real estate sold on execution in a judicial proceeding, after five years from the date of the filing of the sheriff's deed to the purchaser, does not distinguish between void and voidable judgments which result in the sale and conveyance of the land".

"The title to real property acquired by prescription or adverse possession is respected in courts of equity as well as in courts of law; and the title so acquired is available either for attack or defense; and this is so whether the action is legal or equitable in its nature.

The judgment of the court in the instant case that the adverse possession of defendant for more than 15 years ripened into title in defendant by prescription is supported by the decision by this court in Mitchell v. Graham, 193 Okla. 347, 143 P. 815, wherein we held:

"The 15-year statute of limitations on actions for recovery of realty held adversely begins to run against minors and others under legal disability when right of action for possession accrues the same as against adults, but an additional two years after majority or removal of disability is granted in which to commence action".

The record herein and the applicable law also establishes the correctness of the conclusion of the trial court that plaintiffs' rights are barred by laches. In Dardenne v. Daniels, 176 Okla. 557, 56 P. 2d 793, this court held:

"Where, from delay, the original transactions have become so obscure by lapse of time, loss of evidence, and death of parties or witnesses as to render it difficult to do justice, the doctrine of laches is applicable, and the plaintiff may by his lapse be precluded from relief even though he may have been entitled thereto in the beginning".

The judgment of the trial court is affirmed.

This court acknowledges the services of Attorneys Nathan Scarritt, Cecil E. Munn, and Ted R. Moore, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council and appointed by the court.

ARNOLD, C. J., and WELCH, CORN, GIBSON, and BINGAMAN, JJ., concur. DAVISON and JOHNSON, JJ., concur in conclusion. HALLEY, V.C.J., and O'NEAL, J., dissent.