Lena Bell PITTMAN, Hoy Eugene Pittman, Thelma Lenora Reames, Imogene Pauline Muldrow, and Betty Jean Porter, Appellees,

v.

COTTONWOOD SCHOOL DISTRICT NO. 4, COAL COUNTY, Oklahoma, and School District No. 46, Coal County, Oklahoma (for use and benefit of Cottonwood School District No. 4), Appellants.

No. 52903.

Court of Appeals of Oklahoma, Division No. 1.

June 24, 1980.

John B. Axton, Coalgate, for appellees.

Carloss Wadlington, Ada, for appellants.

BOX, Judge:

An appeal by the defendants below, Cottonwood School District No. 4, Coal County, Oklahoma, and School District No. 46, Coal County, Oklahoma, from a judgment of the trial court quieting title in the plaintiffs, who are the heirs and successors of H.H. Pittman. The two school districts are annexed and represent one entity. We will, therefore, refer to the appellants as the "school district" and to the appellees as the "heirs".

In dispute is title to one and one-half acres of land situated in Coal County, Oklahoma. The action to quiet title was brought by the heirs, who were in possession of the property and claiming title by adverse possession. The school district claimed title under a warranty deed or by adverse possession. The trial court found that the warranty deed to the school was void. The court found that the school district was estopped to claim title by adverse possession because it failed to timely assert the claim. The court quieted title in the heirs upon finding that the heirs had established title to the property by adverse possession.

The evidence does establish that the heirs' acts with regard to the disputed tract were sufficiently adverse to establish title to the property pursuant to 60 O.S. 1971, § 333 and 12 O.S. 1971 , § 93(4). However, as asserted by the school district on appeal, the statute of limitations will not run against school property. *Boecking-Berry Equipment Co. v. Ansay*, Okl., 453 P.2d 251, 256; *Grand Lodge v. Webb*, Okl., 306 P.2d 340, 343 (per curiam). If the school district established title to the property either under the warranty deed or by adverse possession, as it asserts, then the heirs are precluded by law in establishing subsequent title by adverse possession. We will, therefore, review the evidence to ascertain whether the school district established its title. Since a quiet title action is one of equitable cognizance, we can reverse only if the trial court's judgment is against the clear weight of the evidence. *Olsen v. Jones*, Okl., 412 P.2d 162, 167.

The trial court correctly found that the warranty deed was void. The disputed tract was part of the original allotment of Dora Ott, a full-blood minor Choctaw Indian. The school district took title to the land under a warranty deed executed by Miss Ott's guardian. Since the land was restricted land of a member of the Five Civilized Tribes, the conveyance to be valid had to be made in compliance with controlling federal statutes. See *Smith v. Williams*, 780 Okl. 297, 190 P. 555, 557. Two federal statutes controlled, the Act of May 29, 35 Stat. 444, § 10, provided that the Secretary of the Interior could remove restrictions from no more than two acres of a full blood minor's allotment so that the land could be sold for school purposes. However, this Act imposed the restriction that "proper conveyance of such lands shall be executed in accordance with existing laws regarding the conveyance of tribal property." The existing law controlling tribal conveyances was the Act of May 27, 1908, 35 Stat. 312. Sections one and six of that Act required that land of a minor allottee be sold in accordance with Oklahoma law governing sales of minor's property by a guardian. Miss Ott's guardian complied with the Act of May 29, 1908, in having the restrictions removed from the land, but he failed to comply with the required procedure for the sale of a minor's land, imposed by the Act of May 27, 1908. Therefore, the deed was null and void. *Allison v. Crummy*, 64 Okl. 20, 166 P. 691, 693.

The school district's evidence reveals that it was in exclusive possession of the property from the time the deed was recorded in 1912 until they ceased to use the property for school purposes in 1956. The school district's use of the property was obvious. Thus, unless this possession was permissive or the school district is precluded from claiming title to restricted Indian land by adverse possession, the school district's occupation of the land ripened into valid prescriptive title pursuant to 60 O.S. 1971, § 333 and 12 O.S. 1971, § 93(4).

The heirs argue that the fact that the warranty deed was void made the school district's possession permissive. The deed, although void, was a transfer of fee simple title absolute on its face, and it was recorded. It contained an accurate description of the land claimed and was evidence of a hostile claim of the school district, adverse to all others. *Caywood v. January*, Okl., 455 P.2d 49, 50. Possession, adverse to all others, for a period of fifteen years can ripen into valid prescriptive title, no matter how defective the deed may be. *Morris v. Wells*, Okl., 381 P.2d 882, 888, 12 O.S. 1971, § 93(4). The heirs presented no other evidence to show that the school district's possession was permissive.

The school district could also establish title to the disputed tract by adverse possession even though claiming restricted Indian land under a void deed. The Act of April 12, 1926, 44 Stat. 239, made the statutes of limitation of the state of Oklahoma applicable to restricted Indians. With regard to this case, this means that 12 O.S. 1971, § 93(4), under which the school district claims title, operated against the minor allottee, Dora Ott, and her heirs in the same manner that it would against any other citizen of the state. The 1926 Act is applicable to statutes of limitations relating to conveyances of land regardless of whether a deed purporting to convey the land is valid or invalid. *Wolfe v. Phillips*, 172 F.2d 481, 486 (10th Cir. 1949). Title so claimed begins to run against minors and others under a disability when the right of action for possession accrues, the same as against adults. *Mitchell v. Graham*, 193 Okl. 347, 143 P.2d 815, 818. The school district had been in possession of the land fifteen years, the requisite statutory period provided in section 93(4) of title 12, in 1927. It continued in exclusive possession for another twenty-nine years and at no time was its title challenged by anyone.

Therefore, we find that the evidence of the school district is sufficient to establish title in it by adverse possession. The trial court did not find that the school district's evidence failed to establish title by adverse possession, but the court did find that the school district had not asserted its

claim in a timely manner. Prescriptive title arises by operation of law and may be used defensively, as well as, offensively in a dispute over title. See *Richards v. Freeman*, 207 Okl. 100, 247 P.2d 731, 733. We, therefore, find that the school district has timely asserted and proven its claim of adverse possession. Having done so, it cannot be divested by one claiming title to school property by adverse possession.

 The heirs additionally argue that they established title to the land under 16 O.S. 1973 Supp., § 62 et seq. These statutes deal with marketable title, and we find that they are not applicable to the situation presented in this case.

The decision of the trial court is against the clear weight of the evidence and contrary to the law. We reverse and remand with instructions to enter judgment for the school district, with costs to the appellee.

**REVERSED AND REMANDED WITH INSTRUCTIONS**

REYNOLDS, P. J., and ROMANG, J., concur.