UNITED STATES of America acting Through the FARMERS HOME ADMINISTRATION, Appellee/cross-appellant,

v.

Floyd HOBBS, Appellant,

v.

Melvin L. REED and Ron P. Reed, Cross-appellees.

Nos. 84170, 84180.

Supreme Court of Oklahoma.

July 9, 1996.

Steven R. Hickman, Tulsa, for appellant, Floyd Hobbs.

Tim J. Crowley, Enid, for appellee/cross-appellant, Farmers Home Administration.

Robert P. Kelly, Pawhuska, for cross/appellees, Melvin L. Reed and Ron P. Reed.

KAUGER, Vice Chief Justice:

Two issues are presented on certiorari:[1] 1) whether a deed granted pursuant to a foreclosure sale conducted after an automatic stay issues is valid; and 2) whether the recorded title to real property obtained pursuant to 12 O.S.1991 § 93(1)[2] is subject to

---

1. In April 1987, Hobbs leased 320 acres of the parcel to the cross-appellees, Melvin L. Reed and Ron P. Reed (Reeds). The Reeds later purchased the land from Hobbs. The trial court and the Court of Appeals found that the Reeds were bonafide purchasers of this tract and that the sale, even in violation of the automatic stay, was valid. This portion of the property is not at issue on certiorari. Title 11 U.S.C. § 549 (1996) provides in pertinent part:

"... (c) The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such trans-

fer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected...."

2. Title 12 O.S.1991 § 93 provides in pertinent part:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the

attack for invalidity if the owner of record has been in actual control and possession of the property in excess of five years. The first issue is governed by our pronouncement in *Bailey v. Campbell*, 862 P.2d 461, 467 (Okla.1991) that judicial proceedings undertaken in violation of an automatic stay in bankruptcy are of no effect.[3] Therefore, a deed issued in violation of an automatic stay is void. However, under the facts presented, the title to the property may not be attacked on the basis of its validity.

## FACTS

Floyd Hobbs (appellant/Hobbs/debtor) owned approximately 3,907 acres of land in Osage County subject to mortgages held by the Farmers Home Administration (FHA/appellee/cross-appellant) and the Federal Land Bank of Wichita (Land Bank). After default on the loans, a foreclosure suit was filed. In July, 1985, judgment was granted to FHA and Land Bank. Hobbs filed bankruptcy and an automatic stay[4] was granted on September 17, 1985. The following day and again on November 6, 1985, the court clerk issued special execution/orders of sale covering the property. At the sale in satisfaction of the judgment, FHA purchased the land. The sale was confirmed by order of the district court on December 17, 1985. FHA first filed its sheriff's deed in January of 1986. A corrected deed was filed in March.

■ It is undisputed that FHA was in actual control and possession of all but a 320 acre tract of the Hobbs land from the time it took title until the quiet title action was filed—a period of over five years.[5] The 320

---

periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter:

(1) An action for the recovery of real property sold on execution ... within five (5) years after the date of the recording of the deed made in pursuance of the sale or proceeding ...

(6) Numbered paragraphs 1, 2, and 3 shall be fully operative regardless of whether the deed or judgment or the precedent action or proceeding upon which such deed or judgment is based is void or voidable in whole or in part, for any reason, jurisdictional or otherwise ..."

**3.** See also, *South Western Oklahoma Development Auth. v. Sullivan Engine Works, Inc.*, 910 P.2d 1052, 1056 (Okla.1996).

**4.** Title 11 U.S.C. § 362 (1996) provides in pertinent part:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entitles, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ...

(e) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay contin-

ued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section...."

**5.** FHA's response in opposition to Hobbs' motion for summary judgment and its cross motion for partial summary judgment and brief in support provides in pertinent part:

"... *STATEMENT OF UNDISPUTED FACTS*

... Plaintiff took possession of the subject property on or before the 3rd day of January, 1986, which possession has been and continues to be open, notorious, adverse, exclusive and continuous as against the defendant Hobbs, for a period of more than five (5) years. That a period of more than five (5) years elapsed prior to plaintiff filing this action...." The affidavit of William G. Terrell, the Osage County Supervisor for FHA, is attached to the motion and it provides in pertinent part:

"... Title to the 'Hobbs Ranch' was acquired by the FHA through a Sheriff's Deed in January of 1986. That the FHA through its officers, employees and tenants, have been in possession of the Hobbs' property since early 1986, and are currently in possession thereof...." Hobbs' reply to the motion does not dispute the FHA's control and possession of the land at issue. [If a party opposing a summary judgment motion does not contest proposed uncontroverted facts, the facts are deemed admitted if the movant shows that it is entitled to judgment as a matter of law. *Mooney v. Young Mens Christian Ass'n of Greater Tulsa*, 849 P.2d 414, 416 (Okla. 1993)]; Rule 13(a), Rules for the District Courts, 12 O.S.Supp.1993, Ch. 2, App. provides in pertinent part:

"... All material facts set forth in the statement of the movant which are supported by admissible evidence shall be deemed admitted

acre tract was conveyed by quit claim deed from Hobbs to the cross-appellee, Melvin R. Reed (Reed), in February of 1988, following the sale to FHA. FHA filed this quiet title action when Hobbs and Reed refused to clear title to the entire tract.[6] Hobbs counterclaimed and he moved for summary judgment asserting that the deed issued pursuant to the foreclosure sale was void because the sale was conducted in violation of the automatic stay. FHA denied any defect in the judgment and it asserted that Hobbs' claim was barred by the five-year statute of limitations under 12 O.S.1991 § 93(1) and (3).[7] The trial court sustained Farmers' motion for summary judgment. The Court of Appeals affirmed holding that 12 O.S.1991 § 2013(C),[8] involving the effect of mandatory counterclaims on statutes of limitation, did not apply to titles obtained by adverse possession under 12 O.S.1991 § 93(1) and (6) which it denominated as statutes of repose rather than as statutes of limitation.[9] We granted certiorari on May 3, 1996, to determine whether the Court of Appeals opinion was at variance with Bailey v. Campbell, 862 P.2d 461 (Okla.1991) and whether title vested in FHA pursuant to 12 O.S.1991 § 93(1) and (6).[10]

## I.

## UNDER BAILEY v. CAMPBELL, 862 P.2D 461 (OKLA.1991), A DEED, ISSUED PURSUANT TO JUDICIAL PROCEEDINGS CONDUCTED IN VIOLATION OF AN AUTOMATIC STAY IN BANKRUPTCY, IS VOID.

█ Hobbs asserts that FHA's title to the land at issue is void because it was issued in violation of an automatic stay in bankruptcy. FHA contends that, under the facts presented, if the deed holder was in actual possession and control of the property, the title to the property may not be attacked on the basis of the deed's validity.

█ Hobbs relies on Bailey v. Campbell, 862 P.2d 461, 467–68 (Okla.1991) for the proposition that the deed, issued in violation of the automatic stay, is void. Bailey presented the question of whether an appeal by a debtor commenced after an automatic stay issued barred a second appeal of the same question once the stay lifted. This Court adopted the majority position in Bailey holding that judicial proceedings undertaken after a party files for bankruptcy and an automatic stay issues are a nullity. This issue is governed by Bailey—the deed, issued in response to the foreclosure action and the sale on execution, is void—it was executed pursuant to judicial proceedings conducted in violation of the automatic stay.[11]

for the purpose of summary judgment unless specifically controverted by the statement of the adverse party which is supported by admissible evidence...."
We note that Hobbs' failure to respond to this particular fact did not result in a confession of judgment. Spirgis v. Circle K Stores, Inc., 743 P.2d 682, 684–85 (Okla.Ct.App.1987) (Approved for publication by the Supreme Court.).

6. Title to this tract is not at issue on certiorari. See note 1, supra.

7. Title 12 O.S.1991 § 93(1) and (6), see note 2, supra.

8. Title 12 O.S.1991 § 2013(C) provides in pertinent part:
"... C. COUNTERCLAIM EXCEEDING OPPOSING CLAIMS; STATUTES OF LIMITATION. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party. Where a counterclaim and the claim of the opposing party arise out of the same transaction or occurrence, the counterclaim shall not be barred by a statute of limitation notwithstanding that it was barred at the time the petition was filed, and the counterclaimant shall not be precluded from recovering an affirmative judgment...."

9. Title 12 O.S.1991 § 93(1) and (6), see note 2, supra.

10. Title 12 O.S.1991 § 93(1) and (6), see note 2, supra.

11. We need not determine the effect of an apparent request by the Land Bank to lift the automatic stay in bankruptcy. Exhibit "B" to FHA's answer brief and brief in chief is a copy of the docket sheets in the bankruptcy proceeding. It appears from this copy that the Land Bank filed an application to lift the automatic stay on October 10, 1985. FHA asserts that the application was unopposed in the bankruptcy action and that under 11 U.S.C. § 362(e) (1996), see note 4, supra, a request for relief from an automatic stay

## II.

### UNDER 12 O.S.1991 § 93(1) AND (6), A VOID DEED WHICH IS VALIDLY RECORDED MAY NOT BE ATTACKED IF THE OWNER OF RECORD HAS BEEN IN POSSESSION OF THE REAL PROPERTY FOR THE STATUTORY PERIOD.

■ Hobbs recognizes that his claim falls outside the five year statute of limitations contained in 12 O.S.1991 § 93(1).[12] However, he contends that his counterclaim is timely. Hobbs relies on 12 O.S.1991 § 2013[13] which allows counterclaims arising from the claim of the opposing party to be asserted although the limitations period has expired when the petition is filed. FHA argues that the only issue in a suit involving title by prescription is whether the real estate has been occupied by the claimant for the requisite time period. It asserts that an attack on the validity of the deed is not a counterclaim to a prescriptive suit within the meaning of § 2013. However, FHA's amended petition in error indicates that its quiet title action was not premised on adverse possession alone. Rather, the lender also claimed title through the sheriff's deeds issued on December 10, 1985, and March 17, 1986.[14] This contention puts the validity of the deed at issue.

■ The fundamental rule of statutory construction is to discern the Legislative intent. Generally rules of statutory construction will not be applied to a statute if the will is clearly expressed.[15] We agree with Hobbs that the clear, express and mandatory language[16] of 12 O.S.1991 § 2013(C)[17] provides that a counterclaim arising out of the same transaction or occurrence as the petition shall not be barred by a statute of limitations. We also agree that 12 O.S.1991 § 93 has been denominated in Oklahoma case law as a limitations statute.[18] Looking at the

which is not contested within thirty (30) days results in the stay being lifted. However, the docket sheet attached as an exhibit to the brief is not found in the record on appeal. [A party may not supplement the record on appeal by injecting into it material that was not before the trial court. *Dyke v. Saint Francis Hosp.*, 861 P.2d 295, 299–300 (Okla.1993); *Hulsey v. Mid-America Preferred Ins. Co.*, 777 P.2d 932, 936 (Okla. 1989); *Chamberlin v. Chamberlin*, 720 P.2d 721, 723 (Okla.1986).]

12. Title 12 O.S.1991 § 93(1), see note 2, supra.

13. Title 12 O.S.1991 § 2013(C), see note 8, supra.

14. FHA's first amended petition provides in pertinent part on pp. 2–3:

"... That pursuant to a special execution and Order of Sale entered by this Court on the 6th day of November, 1985, in Case No. C–85–18 in the District Court in and for Osage County, State of Oklahoma, the Sheriff of Osage County did, on the 10th day of December, 1985, at 10:00 o'clock a.m., sell the above described real estate to the Plaintiff. That on December 18th, 1985, pursuant to Order Confirming said Sheriff's sale in Case No. C–85–18, the Sheriff of Osage County, Oklahoma, executed his Sheriff's Deed in favor of the Plaintiff, conveying to the Plaintiff all of the above described real estate, said Sheriff's Deed being recorded in the Office of the County Clerk of Osage County, Oklahoma, on January 3rd, 1986, at 10:38 o'clock a.m., in Book 688 at Page 803.

That subsequent thereto, a Correction Sheriff's Deed was executed by the Sheriff of Osage County, Oklahoma, under date of March 17th, 1986, in favor of the Plaintiff, said Correction Sheriff's Deed of Conveyance being recorded in the Office of the County Clerk of Osage County, Oklahoma, on March 23rd, 1986, at 2:53 o'clock p.m., in Book 693 at Page 19; a copy of said Sheriff's Deeds of Conveyance being attached hereto, marked Exhibits 'A' and 'B' and incorporated herein by reference...."

15. *Cox v. Dawson*, 911 P.2d 272, 276 (Okla. 1996); *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City*, 901 P.2d 800, 803 (Okla. 1995); *Oglesby v. Liberty Mut. Ins. Co.*, 832 P.2d 834, 839–40 (Okla.1992); *Fuller v. Odom*, 741 P.2d 449, 452 (Okla.1987).

16. The use of "shall" by the Legislature is normally considered as a legislative mandate equivalent to the term "must," requiring interpretation as a command. *Heirshberg v. Slater*, 833 P.2d 269, 275 (Okla.1992); *Fuller v. Odom*, see note 15, supra; *McDonald's v. Groves*, 652 P.2d 281–82 (Okla.1982).

17. Title 12 O.S.1991 § 2013(C), see note 8, supra.

18. See, *Boecking–Berry Equipment Co. v. Ansay*, 453 P.2d 251, 257 (Okla.1969); *Hester v. Watts*, 203 Okla. 97, 218 P.2d 641, 643 (1950); *Long v. City of Tulsa*, 199 Okla. 217, 184 P.2d 800, 802 (1947); *Mitchell v. Graham*, 193 Okla. 347, 143 P.2d 815, 818–19 (1943); *Newbern v. Gould*, 162 Okla. 82, 19 P.2d 157, 160 (1933); *Clark v. Keith*, 103 Okla. 20, 229 P. 613, 614–15 (1924); *Lowen-*

language of these two provisions in isolation, it would appear that Hobbs' claim would not be barred. However, this does not end the inquiry.

This Court considered the effect of a prior counterclaims statute on a quiet title action in *Woods v. Phillips Petroleum Co.,* 207 Okla. 490, 251 P.2d 505, 509 (1952). In *Woods,* we held that if the title of a purchaser at a tax sale ripened into title by prescription and a former owner of land filed an answer and cross-petition seeking to have title quieted, the plea did not constitute a "set-off or counterclaim" within 12 O.S.1951 § 273.[19] In so doing, the *Woods* Court stated:

"... It is clear that the right of plaintiffs in the case before us to bring an action to quiet title is never barred. It follows that the cross-petition or counterclaim mentioned in Sec. 273, supra, was never intended to preserve forever the right of a former owner to seek to recover the land...."

■ Consistent with legislative policy, a void conveyance will, in some instances serve as a muniment of title. Legal effect has been legislatively conferred on some classes of void deeds.[20] In subsection (6) of § 93, the Legislature specifically provided that the five-year statute of limitations found in subsection (1) would operate even if the deed or judgment it is based upon is **void or voidable.**[21] Our interpretation of the statute has also required that the deed holder be in

possession and that the deed be recorded for ownership to be recognized[22]—these conditions are present. The sheriff's deed was first filed in January of 1986. A corrected deed was recorded in March. It is undisputed that FHA has been in exclusive possession and control of the property.[23] Therefore, although the judicial proceedings, sale and execution are void under *Bailey,* subsection (6) removes this contention as a valid contest to FHA's title. Hobbs did not challenge the validity of Farmers' title until October, 1991—more than five years after the deed was recorded. The clear language of 12 O.S.1991 § 93(6) prohibits him from attacking the deed as void.

## CONCLUSION

FHA's deed is void under our pronouncement in *Bailey v. Campbell,* 862 P.2d 461, 467 (Okla.1991) that judicial proceedings undertaken in violation of an automatic stay in bankruptcy are invalid. Nevertheless, the specific language of 12 O.S.1991 § 93(6) provides that even a void or voidable deed issued pursuant to subsection (1) is fully operative.[24] Case law construing the statute has imposed additional requirements of recordation of the deed and actual possession.[25] Because FHA has met all requirements necessary to guarantee that even a void deed will pass good title, we find that, under the facts presented, the title to the property may not be attacked on the basis of its validity.

stein v. Sexton, 18 Okla. 322, 90 P. 410–11 (1907).

**19.** Title 12 O.S.1951 § 273 provides in pertinent part:
"... Such setoff or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred...."

**20.** Title 12 O.S.1991 § 93(6), see note 2, supra. *Mobbs v. City of Lehigh,* 655 P.2d 547, 551, 31 A.L.R.4th 1 (Okla.1982).

**21.** Title 12 O.S.1991 § 93(6), see note 2, supra.

**22.** *Dearing v. State ex rel. Commissioners of the Land Office,* 808 P.2d 661, 668 (Okla.1991); *Kizzire v. Sarkeys,* 361 P.2d 1082, 1084 (Okla.1961); *Williams v. Bailey,* 268 P.2d 868, 871 (Okla. 1954).

**23.** See note 5, supra.

**24.** Title 12 O.S.1991 § 93(1) and (6), see note 2, supra. The prohibition against an attack on the validity of a deed contained in 12 O.S.1991 § 96(6) applies only to subsections (1), (2) and (3) of the statute. It does not apply to subsection (4), relating to a cause of action for adverse possession within fifteen years or to subsection (5), relating to an action for forcible entry and detention or forcible detention of real property. Those subsections provide:
"(4) An action for the recovery of real property not hereinbefore provided for, within fifteen (15) years.
(5) An action for the forcible entry and detention or forcible detention only of real property, within two (2) years."

**25.** *Dearing v. State ex rel. Commissioners of the Land Office,* see note 22, supra; *Kizzire v. Sarkeys,* see note 22, supra; *Williams v. Bailey,* see note 22, supra.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

KAUGER, V.C.J., and HODGES, LAVENDER, HARGRAVE, SUMMERS, WATT, JJ. concur.

WILSON, C.J. concurs in part and dissents in part.

SIMMS, J. concurs in result.

OPALA, J. concurs in judgment but not in Court's opinion.

OPALA, Justice, concurring in judgment but not in the court's opinion.

The court today holds that while the United States of America, acting through the Farmers Home Administration [FHA], acquired title to lands (earlier owned by Floyd Hobbs) through a *void* sheriff's deed, neither Floyd Hobbs nor his grantees [collectively Hobbs] may challenge FHA's title because (1) it has possessed the lands more than five years and (2) the terms of 12 O.S.1991 § 93(6) [1] prohibit Hobbs from attacking the deed as void. I write separately to *once again* [2] *emphasize* the difference between the statutory time bar whose lapse *extinguishes only the remedy* from that whose expiration *destroys* one person's right and transfers it to another.

## I

### THE ANATOMY OF LITIGATION

Hobbs owned and mortgaged to the FHA and the Federal Land Bank of Wichita [Land Bank] almost 3907 acres of land in Osage County. Upon his default, FHA and Land Bank brought suit on the notes and foreclos-

ed their mortgage lien in the property. Before an execution sale could be conducted under the foreclosure decree, Hobbs declared bankruptcy and on September 17, 1985 an automatic (bankruptcy) stay took effect.

While the stay was in force, the land was sold to FHA at sheriff's sale. On December 17, 1985, the sale was confirmed and a sheriff's deed was recorded in January 1986. *FHA has been in open, notorious and exclusive possession of the premises since January 3, 1986.*

In 1988 Hobbs quitclaimed 320 acres of the foreclosed tract to Melvin L. Reed. After this conveyance, FHA sought Hobbs and Reed's assistance—which was refused—in clearing title to the premises. FHA brought this suit to quiet its title in October 1991. Hobbs counterclaimed and sought summary judgment, alleging that FHA's deed is void because the sheriff sale—by which FHA's title was acquired—was conducted in violation of the bankruptcy court's automatic stay. FHA asserted (a) Hobbs' counterclaim was time barred and (b) it held title to the premises by adverse possession conferred by the terms of 12 O.S.1991 § 93. [3] After denial of Hobbs' counterclaim, summary judgment went to FHA. The Court of Appeals affirmed the nisi prius decision. This court granted Hobbs' petition for certiorari.

## II

### WHILE HOBBS HAS A VIABLE REMEDY UNDER 12 O.S.1991 § 2013(C), HE HAS LOST THE TITLE TO THE PREMISES AND HENCE CANNOT PREVAIL

At nisi prius Hobbs' argued in support of his counterclaim that, because the execution

---

**1.** The pertinent terms of 12 O.S.1991 § 93 are: "Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter:

    \*    \*    \*    \*    \*    \*

(1) An action for the recovery of real property sold on execution ... within five (5) years after the date of the recording of the deed made in pursuance of the sale or proceeding....

    \*    \*    \*    \*    \*    \*

(6) Numbered paragraphs (1) ... shall be fully operative regardless of whether the deed or

judgment or the precedent action or proceeding upon which such deed or judgment is based *is void or voidable in whole or in part,* for any reason, jurisdictional or otherwise...."

**2.** *See Cruse v. Atoka County Bd. of Com'rs, Okl.,* 910 P.2d 998, 1006 n. 9 (1995) (Opala, J., dissenting).

**3.** For the pertinent terms of 12 O.S.1991 § 93, see *supra* note 1.

sale at which FHA bought his land was conducted in violation of the automatic bankruptcy stay, FHA's title, which rests on a void sheriff's deed, must fail. FHA claimed in defense that since Hobbs' counterclaim was first brought more than five years after FHA's deed was recorded, it stands barred by the terms of § 93(1).[4] FHA's position cannot be sustained. Hobbs' counterclaim is *not* untimely. Where, as here, the counterclaim advanced by a defendant *arises out of the same transaction as the plaintiff's claim,* it is not time barred even though it was extinguished when the plaintiff's petition was filed.[5]

While Hobbs has a viable remedy, he cannot prevail against FHA's title by prescription. The latter party interposed its adverse possession *offensively* by invoking § 93(1)'s prescriptive period (of five years) as a basis for its title, which is superior to that pressed by Hobbs. NOT ALL LEGAL TIME BARS ARE CREATED TO BE EQUAL. While at common law adverse possession could be used *only defensively*—to bar the true owner's recovery (of possession)—this is not true in Oklahoma. The provisions of § 93, when read in conjunction with those of 60 O.S.1991 § 333[6] *not only* bar the dispossessed person's remedy *but also* confer upon the occupant title to the premises by prescription.[7] In short, by the terms of § 333 the provisions of § 93(1) & (6)[8] stand transmogrified into a right-conferring time bar on whose lapse title to the land becomes vested in the adverse possessor—FHA in this case.

Hobbs was left with a bare *remedy, sans* the critical *right* that must accompany it.

## III

### SUMMARY

For waging forensic combat in the adversary arena of the common-law system, a litigant (like Hobbs) must be armed with *both* an *effective remedy (remedium*[9]*)* and a *live right* (the common law's *dreit, droit,* or *ius maius*[10]). *The two components have to co-exist and each has to stand as an efficacious force.* A *dead right* cannot be *revived* by a *viable remedy* any more than a *viable right* may ever be vindicated by an *extinguished remedy.*[11] Hobbs loses today's battle because *his was but a bare remedy*—one that may not be attached to a *live right.* A *still-unexpired remedy* to *redress a statutorily destroyed right* in one's title to land does not a blueprint for forensic victory make. The *right,* once *dead,* lies beyond the *remedy's* capacity to resurrect.[12]

Although Hobbs' counterclaim was indeed *timely* brought, he had no legally cognizable *right* to be vindicated. I hence concur in affirming the trial court's judgment for FHA, but recede from today's pronouncement.

4. For the pertinent terms of 12 O.S.1991 § 93(1), see *supra* note 1.

5. *See* 12 O.S.1991 § 2013(C), whose pertinent terms are:

    "Where a counterclaim and the claim of the opposing party arise out of the same transaction or occurrence, the counterclaim shall not be barred by a statute of limitation notwithstanding that it was barred at the time the petition was filed...."

6. The terms of 60 O.S.1991 § 333 are:

    "Occupancy for the period prescribed by civil procedure, or any law of this State as sufficient to bar an action for the recovery of the property, *confers a title thereto,* denominated *a title by prescription, which is sufficient against all."* [Emphasis mine.]

7. *Stolfa v. Gaines,* 140 Okl. 292, 283 P. 563, 568 (1930).

8. For the pertinent terms of 12 O.S.1991 § 93(1) and (6), see *supra* note 1.

9. In medieval legal Latin parlance *remedium* means *relief* or *remedy.* W.C. Burton, LEGAL THESAURUS p. 927 (1980).

10. *See Cruse, supra* note 2 at 1006 n. 9.

11. *Resolution Trust Corp. v. Greer,* Okl., 911 P.2d 257, 264–265 (1995).

12. *Stolfa, supra* note 7 at 567–570; *Cruse, supra* note 2 at 1006 n. 9. *See also* Opala, *Praescriptio Temporis and Its Relation to Prescriptive Easements in the Anglo–American Law,* 7 TULSA L.J. 107, 108–109 (1971).