Dear District Attorney Wilson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Must the County Clerk, pursuant to 28 O.S. Supp. 2004, § 32(C), assess the five dollar "County Clerk's Records Management and Preservation" fee on renewal of judgment lien notices filed in the Office of the County Clerk, or are they exempt from the fee pursuant to 12 O.S. 2001, § 909[12-909]?
 County Clerks
¶ 1 Article 17 of the Oklahoma Constitution authorizes county government in Oklahoma. Section 2 provides:
 There are hereby created, subject to change by the Legislature, in and for each organized county of this State, the offices of Judge of the County Court, County Attorney, Clerk of the District Court, County Clerk, Sheriff, County Treasurer, Register of Deeds, County Surveyor, Superintendent of Public Instruction, three County Commissioners, and such municipal township officers as are now provided for under the laws of the Territory of Oklahoma, except as in this Constitution otherwise provided.
Id. (emphasis added).
¶ 2 In 1913, the office of the Register of Deeds was consolidated into the office of County Clerk. See Laws 1913 ch. 161, p. 332, § 5 (current version at 19 O.S. 2001, § 225[19-225]). The County Clerk has many statutory duties, including attending and keeping records of the proceedings of the Board of County Commissioners,[1] recording receipts and expenditures,[2] and recording land documents.[3]
 County Clerk's Records Management and Preservation Fund
¶ 3 In 2000, the "County Clerk's Records Management and Preservation Fund" was added to the County Clerk fees provision of Title 28, Section 32:
 C. For the purpose of preserving, maintaining, and archiving recorded instruments including, but not limited to, records management, records preservation, automation, modernization, and related lawful expenditures, in addition to all other fees required by law, the county clerk shall collect Five Dollars ($5.00) for each instrument recorded with the Registrar of Deeds.
 D. There is hereby created a fund to be known as the "County Clerk's Records Management and Preservation Fund". The fund shall be a continuing fund, not subject to fiscal year limitations, and shall consist of the fees and monies accruing to the fund, as prescribed in subsection C of this section with all monies accruing to the fund to be expended by the clerk and not transferred to any other fund.
2000 Okla. Sess. Laws ch. 371, § 168 (emphasis added).
¶ 4 Legislative intent was added in 2002 to subsection D, which provides:
 The intent of this section is to increase the net funding level available to the county clerk to maintain and preserve public records.
2002 Okla. Sess. Laws ch. 22, § 11.
¶ 5 In 2001, an exception to all fees and costs was provided by the enactment of a new subsection E, which provides:
 E. The fees and costs prescribed in this section shall not apply to child support enforcement offices operated by or on behalf of the Department of Human Services' Child Support Enforcement Division. County clerks shall not charge any fees or costs to such offices, the Division, or the Department.
2001 Okla. Sess. Laws ch. 407, § 2.
 Judgment Liens
¶ 6 The execution chapter of the civil procedure code provides:
 Any document required to be filed under Section 759 of this title in the office of the county clerk, bearing the filing stamp of the court clerk of the county wherein such filing is to be made, and duly certified, shall be filed without charge.
12 O.S. 2001, § 909[12-909].[4]
¶ 7 Title 12, Section 759 is the statutory provision for general executions and extending judgment liens, which in pertinent part provides:
 A. When a general execution is issued and placed in the custody of a sheriff for levy, a certified copy of the execution shall be filed in the office of the county clerk of the county whose sheriff holds the execution and shall be indexed in the same manner as judgments.
. . . .
 C. To extend a judgment lien beyond the initial or any subsequent statutory period, prior to the expiration of such period, a certified copy of one of the following must be filed and indexed in the same manner as judgments in the office of the county clerk in the county in which the statement of judgment was filed and the lien thereof is sought to be retained:
1. A general execution upon the judgment;
2. A notice of renewal of judgment;
 3. A garnishment summons issued against the judgment debtor; or
 4. A notice of income assignment sent to a payor of the judgment debtor.
Id. Judgments become unenforceable after five (5) years unless one of these steps is taken. See 12 O.S. 2001, § 735[12-735](A). The exception in Sections 759 and 909 pertains to filing andrecording instruments relating to judgment liens.
 Discussion
¶ 8 When the provision for the County Clerk's Records Management and Preservation Fund was enacted in 2000, it required that "the county clerk shall collect Five Dollars ($5.00) for each instrument recorded with the Registrar of Deeds." See
2000 Okla. Sess. Laws ch. 371, § 168(C) (current version at 28 O.S.Supp. 2004, § 32[28-32](C)) (emphasis added). "The fundamental rule of statutory construction is to ascertain and give effect to the legislative intent, and that intent is first sought in the language of a statute." City of Durant v. Cicio, 50 P.3d 218,220 (Okla. 2002). "Where the language of a statute is clear and unambiguous, the language will be given its plain meaning."Humphries v. Lewis, 67 P.3d 333, 335 (Okla. 2003). "The use of `shall' by the Legislature is normally considered as a legislative mandate equivalent to the term `must,' requiring interpretation as a command." United States ex rel. Farmers HomeAdmin. v. Hobbs, 921 P.2d 338, 343 n. 16 (Okla. 1996).
¶ 9 In the 2001 legislative session, subsection E was enacted exempting child support enforcement offices from all County Clerk fees, including the five dollar fee for the County Clerk's Record Management and Preservation Fund. See 2001 Okla. Sess. Laws. ch. 407, § 2(E). If the Legislature had wanted to include civil procedure code provisions prohibiting fees for renewal of judgment lien notices, it could have done so in this exemption. Such "legislative silence, when it has authority to speak," gives rise to an implication of legislative intent. City of Duncan v.Bingham, 394 P.2d 456, 460 (Okla. 1964). In 2002, the Legislature amended subsection D to declare its intent that the County Clerk's Record Management and Preservation Fund was created to increase the funds available for maintaining and preserving public records. See 2002 Okla. Sess. Laws. ch. 22, § 11(D). The five dollar fee is not a filing fee, but a separate and distinct fee mandated by the Legislature for a specific purpose. Thus, the fee must be charged in all cases, except where clearly exempted by the Legislature.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The County Clerk must assess the five dollar "County Clerk's Records Management and Preservation" fee upon renewal of judgment lien notices filed in the Office of the County Clerk. 28 O.S. Supp. 2004, § 32(C).
 W.A DREW EDMONDSON Attorney General of Oklahoma
 DAVID L. KINNEY Assistant Attorney General
[1] 19 O.S. 2001, § 243[19-243].
[2] 19 O.S. 2001, § 250[19-250].
[3] See 19 O.S. 2001 Supp. 2004, §§ 284-300.
[4] Originally enacted in 1981 (see 1981 Okla. Sess. Laws ch. 120, § 4) and amended in 1982 (see 1982 Okla. Sess. Laws ch. 6, § 1).