Dear Cabinet Secretary Jackson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does Section 2 of H.B. 2006, 74 O.S. Supp. 2004, § 3601.2, ("H.B. 2006") which sets out minimum, midpoint and maximum salary ranges for chief executive officers for agencies that receive non-appropriated funds, allow for pay increases for chief executive officers prior to the mandated effective date of January 1, 2005?
 2. Does the failure of the Legislature in Section 2 of H.B. 2006 to provide for the increases for non-appropriated agency chief executive officers, whose salary levels are between the midpoint and the maximum of the salary ranges as of the effective date, prohibit increases for those chief executive officers?
 3. If chief executive officers of agencies that receive non-appropriated funds are not allowed pay increases prior to January 1, 2005, is the same true for chief executive officers of agencies that receive appropriated funds whose maximum salaries are listed in Section 3 of H.B. 2006, and whose mandated effective date is July 1, 2004?
 4. Does H.B. 2005, 2004 Okla. Sess. Laws ch. 91, § 1, ("H.B. 2005") provide a pay increase to a chief executive officer listed in Section 2 or 3 of H.B. 2006?
 5. Does H.B. 2005 provide a pay increase to a chief executive officer of an agency not mentioned in either Sections 2 or 3 of H.B. 2006?
 6. Does H.B. 2005 provide a pay increase to a cabinet secretary who is not also an agency chief executive officer and whose salary is not established by 74 O.S. Supp. 2004, § 10.5[74-10.5]?
 I. Statutes Regulating Chief Executive Officer Compensation
¶ 1 It has been the practice of the Oklahoma Legislature through fiscal year 2004 to set the salaries of chief executive officers of state agencies by statutory enactment. For example, the 2003 session of the Legislature, in pertinent part, enacted the following: "Beginning July 1, 2003, the salary of the chief executive officer for each of the following agencies, boards, commissions, departments, or programs shall not exceed the amount specified, per annum, payable monthly. . . ." 74 O.S. Supp.2003, § 3601.1[74-3601.1](C). Thirty-six agencies were listed with salaries ranging from $31,496 per year for the chief executive officer of the Board of Chiropractic Examiners, to $115,000 for the chief executive officer of the Grand River Dam Authority.[1] Seeid.
¶ 2 The listed agencies in Section 2 of H.B. 2006 are agencies that operate with funds that are not appropriated by the Legislature, but rather received from sources such as fees, licenses and investments. See 74 O.S. Supp. 2004, §3601.2[74-3601.2](A)(3). An example is the Board of Dentistry, which receives its income from, among other things, the granting or renewal of licenses to practice dentistry or dental hygiene in Oklahoma. Id. The phrase "non-appropriated agency" identifies these agencies.
¶ 3 As recently as fiscal year 2004, the salary of a chief executive officer of an agency which received funds appropriated from the Legislature was routinely set out in the particular agency's appropriations bill. These agencies are identified as "appropriated agencies." For example, for fiscal year 2004, beginning on July 1, 2003, the Legislature's appropriation for the Oklahoma Tourism and Recreation Department provided, in relevant part:
 SECTION 6. The duties and compensation of employees, not otherwise prescribed by law, necessary to perform the duties imposed upon the Oklahoma Tourism and Recreation Department by law shall be set by the Director. The salary of the Director shall not exceed Seventy-four Thousand Dollars ($74,000.00) per annum, payable monthly for the fiscal year ending June 30, 2004.
 2003 Okla. Sess. Laws ch. 425, § 6.[2]
II.
2004 Legislation On Compensation For State Employees
A. State Employee Salary Increases (H.B. 2005)
¶ 4 In 2004, the Legislature granted state employees pay increases in two stages. See 2004 Okla. Sess. Laws ch. 91, § 1 ("H.B. 2005"). These increases were set out in what is referred to in your questions as H.B. 2005. House Bill 2005 also specifically excluded certain categories of state employees from those raises.
 SECTION 1. NEW LAW A new section of law not to be codified in the Oklahoma Statutes reads as follows:
 A. Effective January 1, 2005, all full-time and part-time officers and employees, including temporary and other limited-term employees, of the state who were employed by the state on the last working day of December 2004, shall be awarded an annualized salary increase equal to One Thousand Four Hundred Dollars ($1,400.00).
 B. Effective July 1, 2005, all full-time and part-time officers and employees, including temporary and other limited-term employees, of the state who were employed by the state on the last working day of June 2005, shall be awarded an annualized salary increase equal to Seven Hundred Dollars ($700.00).
 C. As used in this section, "temporary and other limited-term employees" are those persons who:
1. Are not full-time or permanent employees;
 2. Are not otherwise excluded by subsection G of this section; and
 3. Are compensated by an agency, board, commission or department or other employing entity for a limited duration and without any subjective expectation by either the employer or the employee that the employment will become permanent.
 D. Except for those personnel specifically excluded from eligibility for any increase or advancement in salary pursuant to this section, the salary increase provided by this section shall be applicable to:
1. Employees of county health departments;
2. Employees of a conservation district;
 3. Employees of the George Nigh Rehabilitation Institute.
 E. Part-time employees shall receive a prorated annualized salary increase pursuant to this section.
. . . .
 H. The following officers and employees shall be ineligible for a pay increase pursuant to this section and nothing, except as otherwise provided by Section 840-2.17 of Title 74 of the Oklahoma Statutes, shall be construed to authorize any increase or advancement of the salaries of:
1. Any elected official;
 2. Any cabinet secretary whose salary is governed by Section 10.5 of Title 74 of the Oklahoma Statutes;
 3. Any agency director who is also a cabinet secretary pursuant to Section 10.3 of Title 74 of the Oklahoma Statutes;
 4. Any justice or judge whose salary is governed by Section 3.1, 30.2A, 31.2 or 92.1A of Title 20 of the Oklahoma Statutes or by Section 1.2 or 1.2A of Title 85 of the Oklahoma Statutes;
 5. Any district attorney whose salary is governed by Section 215.30 of Title 19 of the Oklahoma Statutes;
 6. Officers and employees of institutions under the administrative authority of the Oklahoma State Regents for Higher Education, except for officers and employees of the George Nigh Rehabilitation Institute;
 7. Persons employed pursuant to Section 1806.1 of Title 74 of the Oklahoma Statutes;
 8. Persons employed pursuant to Section 1.6a of Title 53 of the Oklahoma Statutes;
 9. Persons who are employed or under contract pursuant to subsection B of Section 1419 of Title 10 of the Oklahoma Statutes; and
 10. The Adjutant General and Assistant Adjutants General pursuant to Section 27 of Title 44 of the Oklahoma Statutes.
 I. No salary increase pursuant to this section shall be made that exceeds a salary limitation provided in an agency's annual appropriation bill or salary limits set by statute. Classified employees eligible for the salary increase provided for in this section shall receive such increase even though it causes the employee's salary to exceed the maximum for the employee's pay band.
. . . .
 SECTION 3. This act shall become effective July 1, 2004.
2004 Okla. Sess. Laws ch. 91, § 1 (H.B. 2005).
B. Chief Executive Officer Salaries (H.B. 2006).
¶ 5 In 2004, the Oklahoma Legislature changed the method it uses to set chief executive officer compensation. The legislation is contained in what is referred to in your questions as H.B. 2006. See 74 O.S. Supp. 2004, § 3601.2[74-3601.2] ("H.B. 2006"). Sections 1(C), 2 and 3 of H.B. 2006 are pertinent to the questions you have asked.
¶ 6 The Legislature in Section 1(C) of H.B. 2006 deleted the prior maximum salaries set out for the non-appropriated agency chief executive officers. See 2004 Okla. Sess. Laws ch. 463, § 1(C) (amending 74 O.S. Supp. 2003, § 3601.1[74-3601.1](C)). In Section 2 the Legislature established minimum, midpoint and maximum salary ranges for the non-appropriated agency chief executive officers with, as stated in Section 5, an effective date of January 1, 2005. See 74 O.S. Supp. 2004, § 3601.2[74-3601.2](A)(3); 2004 Okla. Sess. Laws ch. 463, § 5. The Legislature also established parameters within which increases could be given during the 2005 fiscal year. 74 O.S. Supp. 2004, § 3601.2[74-3601.2](A)(1), (2). A person making a salary of less than the minimum could be raised to no more than the minimum salary in fiscal year 2005; a person making a salary between the minimum and the midpoint as of January 1, 2005, could be raised to no more than the midpoint during fiscal year 2005; a person making over the maximum amount could not have his or her salary increased. Id.
¶ 7 The relevant statutory language in H.B. 2006 states:
 A. Beginning January 1, 2005, the agency, board, commission, department or program shall establish the salary of each of the chief executive officers for which they have appointing authority. Such salary shall be set between the minimum and maximum of the range specified below, for full-time employees only, per annum, payable monthly, pursuant to the limitations outlined below:
 1. If the chief executive officer's salary is below the minimum annual salary then it can not be raised to more than the minimum annual salary in one (1) fiscal year. If the chief executive officer's salary is at or above the minimum annual salary then their salary may not be increased above the midpoint in one (1) fiscal year.
 2. Such increases shall not occur more than once in a fiscal year; and
 3. The salary of the incumbent chief executive officer shall not be increased if such officer's salary exceeds the maximum of the range.
MINIMUM MIDPOINT MAXIMUM ANNUAL ANNUAL ANNUAL SALARY SALARY SALARY
CompSource $82,034.00 $96,511.00 $110,987.00
. . . .
Liquified Petroleum Gas Administration $53,093.00 $62,462.00 $71,832.00
74 O.S. Supp. 2004, § 3601.2[74-3601.2].
¶ 8 In Section 3 of H.B. 2006, which is not to be codified, the Legislature set out the maximum salaries for the appropriated agency chief executive officers. See 2004 Okla. Sess. Laws ch. 463, § 3. The effective date of the new maximum salaries, set out in Section 4, was July 1, 2004. See id. § 4. These salaries reflected an increase of $1,400 from the maximum salaries which, in prior years, had been set out in each agency's appropriation bill.[3]
 SECTION 3. NEW LAW A new section of law not to be codified in the Oklahoma Statutes reads as follows:
 The salary of the Director of each agency below shall not exceed the specified amounts per annum, payable monthly for the fiscal year ending June 30, 2005:
 Department of Mental Health and Substance Abuse Services $126,387.00
. . . .
 Oklahoma Board of Private Vocational Schools $41,681.00
2004 Okla. Sess. Laws ch. 463, § 3.
¶ 9 It is now, after this recitation of the current statutory maze, that we turn to the questions you have asked about the effect of the Legislature's 2004 action on salary increases for state agency chief executive officers.
 III. Statutory Construction Of Pay Increase Legislation
A. Salary Increases for Chief Executive Officers ofNon-appropriated Agencies
¶ 10 You first ask whether Section 2 of H.B. 2006, which sets out minimum, midpoint and maximum salary ranges for chief executive officers for agencies that receive non-appropriated funds, allows for pay increases for chief executive officers prior to the mandated effective date of January 1, 2005.
¶ 11 As set out in Part I, above, prior to the 2004 legislative session, maximum salaries for chief executive officers of non-appropriated agencies were established by statute. However, as described in Part II, above, in 2004 the Legislature altered the salary structure for these chief executive officers in H.B. 2006. See 2004 Okla. Sess. Laws ch. 463, § 1(C) (amending 74O.S. Supp. 2003, § 3601.1[74-3601.1](C)). After deleting the previously enacted maximum salaries, the Legislature established salary ranges for the chief executive officers of non-appropriated agencies. 74 O.S. Supp. 2004, § 3601.2[74-3601.2](A)(3). These ranges were set out in the statute quoted in its entirety in Part II.[4] The effective date of the new structure is January 1, 2005. 2004 Okla. Sess. Laws ch. 463, § 5.
¶ 12 In addition to the new structure, the Legislature addressed permissible salary increases from the current salaries, that is, those that had been mandated by the 2003 Legislature and codified at 74 O.S. Supp. 2003, § 3601.1[74-3601.1]. See 2004 Okla. Sess. Laws ch. 463, § 1 (amending 74 O.S. Supp. 2003, §3601.1[74-3601.1]). Chief executive officers making less than the minimum salary on January 1, 2005, can only receive an increase to the minimum salary; chief executive officers making between the minimum and midpoint salary can receive an increase to the midpoint. 74 O.S. Supp. 2004, § 3601.2[74-3601.2](A)(1). The Legislature did not delineate whether chief executive officers making between the midpoint and maximum salary could receive an increase up to the maximum. Id. Chief executive officers who make above the maximum salary in the structure effective January 1, 2005, are not to receive a reduction in salary to the new maximum salary. Increases to the pay of chief executive officers after January 1, 2005 are permitted only once per fiscal year.The list of maximum salaries beginning July 1, 2003 was deleted in Section 1(C) of H.B. 2006. See id. § 1(C). Section 1 has an effective date of July 1, 2004. See id. § 4. The new salary structure is effective January 1, 2005. See 2004 Okla. Sess. Laws ch. 463, § 5. The question resulting from this scenario is whether the salaries for chief executive officers of non-appropriated agencies can be increased prior to January 1, 2005.
¶ 13 "The fundamental rule of statutory construction is to ascertain and give effect to the legislative intent, and that intent is first sought in the language of a statute." City ofDurant v. Cicio, 50 P.3d 218, 221 (Okla. 2002). "[W]here a statute is ambiguous or its meaning uncertain it is to be given a reasonable construction, one that will avoid absurd consequences if this can be done without violating legislative intent."TRW/REDA Pump v. Dean, 829 P.2d 15, 20 (Okla. 1992). Here, where the Legislature, from year to year, has consistently mandated the maximum salaries of chief executive officers of non-appropriated agencies, the question of the effective date for increases for fiscal year 2005 creates this need for statutory construction.
¶ 13 "The legislature will not be presumed to have intended an absurd result, and a statutory construction which would lead to an absurdity will be avoided if this can be done without violating the legislative intent." Grand River Dam Auth. v.State, 645 P.2d 1011, 1019 (Okla. 1982) (footnote omitted). If salaries of the chief executive officers of non-appropriated agencies were raised prior to January 1, 2005, they potentially could be raised above the maximum which will take effect on January 1, 2005, a result not intended by the Legislature. Additionally, salaries of such chief executive officers who currently make above the minimum and who would be entitled to an increase to the midpoint under Section 2 of H.B. 2006 could be increased above the midpoint, an action which also is in clear contradiction of the legislative intent to control the amounts of increases during fiscal year 2005. To avoid an absurdity resulting from unfettered pay increases, no increases in salaries for chief executive officers of non-appropriated agencies are permitted prior to January 1, 2005.
B. Salary Increases for Chief Executive Officers ofNon-Appropriated Agencies Earning Between the Midpoint and theMaximum of the Salary Range as of January 1, 2005
¶ 14 You next ask whether the failure of the Legislature, in Section 2 of H.B. 2006, to provide for increases for non-appropriated agency chief executive officers whose salary levels are between the midpoint and the maximum of the salary ranges as of the effective date, prohibits increases for those chief executive officers. The answer is no.
¶ 15 The Legislature determined a minimum and a maximum in Section 2 of H.B. 2006. See 74 O.S. Supp. 2004 §3601.2[74-3601.2](A)(3). The chief executive officers whose salaries are between the midpoint and the maximum may, under the stated statutory language, be given one raise in a fiscal year to a level no greater than the maximum set out in the statute. Id.
No further inquiry is needed.
C. Salary Increases for Chief Executive Officers of AppropriatedAgencies
¶ 16 In your third question you ask, if chief executive officers of agencies who receive non-appropriated funds are not allowed pay increases prior to January 1, 2005, is the same true for chief executive officers of agencies that receive appropriated funds whose maximum salaries are listed in Section 3 of H.B. 2006, and whose mandated effective date is July 1, 2004?
¶ 17 Again, our goal is to divine the intent of the Legislature. "[ T]hat intent is first sought in the language of a statute."Cicio, 50 P.3d at 221. "When the language of a statute is plain and unambiguous, no occasion exists for application of rules of construction, and the statute will be accorded meaning as expressed by the language employed." Id. While there is a difference between the effective dates for the maximum salaries for the chief executive officers of appropriated agencies and non-appropriated agencies, there is no question of the authority of the Legislature to treat the categories differently, either in type of salary structure or effective date. See 2004 Okla. Sess. Laws. ch. 463, §§ 4, 5. In H.B. 2006, the Legislature unambiguously established a separate category of chief executive officers and unambiguously provided an effective date for the salary maximums to take effect for those chief executive officers. Id. Therefore, there is no need for application of the rules of statutory construction. The effective date for the maximum salaries which may be paid to chief executive officers of agencies who receive appropriated funds is July 1, 2004, as stated in Section 4 of H.B. 2006. Id.
D. Relationship of H.B. 2005 Salary Increases to H.B. 2006Salaries
¶ 18 As set out in Part II, above, the 2004 Legislature, through the enactment of H.B. 2005, granted the vast majority of state employees a salary increase of $1,400 effective January 1, 2005, and a second increase effective July 1, 2005. In your fourth question you ask whether the increases granted by H.B. 2005 are available to chief executive officers whose salaries are regulated by the provisions of H.B. 2006.
¶ 19 The answer, determined from a reading of the two statutory sections and by the logic articulated in a prior Opinion of the Attorney General, is that chief executive officers are eligible for H.B. 2005 increases, subject to the limitations set out in H.B. 2005 and H.B. 2006.
¶ 20 First, it is necessary to determine to what employees H.B. 2005 applies. The statute provides:
 A. Effective January 1, 2005, all full-time and part-time officers and employees, including temporary and other limited-term employees, of the state who were employed by the state on the last working day of December 2004, shall be awarded an annualized salary increase equal to One Thousand Four Hundred Dollars ($1,400.00).
2004 Okla. Sess. Laws, ch. 91, § 1 (emphasis added).
¶ 21 The statute continues by defining "temporary and other limited term employees," (Section 1(C)), by specifically including certain categories (Section 1(C)) and by specifically excluding certain categories of employees (Section 1(D), (H)).[5]
¶ 22 The use of the term "all" and the use of the word "shall" is clear and unambiguous. Unless a position is excluded in subsection "D," an agency's chief executive officer is entitled to a $1,400 pay increase effective January 1, 2005. See
2004 Okla. Sess. Laws ch. 463, § 5. This reading is supported by a prior Attorney General's Opinion. See A.G. Opin. 96-71. In that Opinion similar language was construed to apply broadly to state employees. See id. at 152. While there was an additional question, whether employees of the Oklahoma Department of Wildlife Conservation were covered because of the constitutional nature of the Department, it was determined that all state employees were to receive increases absent a specific prohibition. Id. Moreover, the mandatory nature of the increases is supported by judicial authority. See United Statesex rel. Farmers Home Admin. v. Hobbs, 921 P.2d 338, 343 n. 16 (Okla. 1996) ("`shall' by the Legislature is normally considered as a legislative mandate equivalent to the term `must,' requiring interpretation as a command").
¶ 23 Second, it is necessary to determine what, if any, limits apply to these increases. In H.B. 2005, the Legislature included a provision that, in effect, limits increases for chief executive officers whose agencies are listed in either Sections 2 or 3 of H.B. 2006. The Legislature mandated: "No salary increase pursuant to this section shall be made that exceeds a salary limitation provided in an agency's annual appropriation bill or salary limits set by statute." 2004 Okla. Sess. Laws ch. 91, § 1(I) (H.B. 2005). Increases for chief executive officers of non-appropriated agencies may be given once a year and are limited by increases to "minimums, midpoints and maximums," as set out in Section 2 of H.B. 2006. See 74 O.S. Supp. 2004, §3601.2[74-3601.2](A). Increases for chief executive officers of appropriated agencies are limited by the language and amounts set forth in Section 3 of H.B. 2006. See 2004 Okla. Sess. Laws ch. 463, § 3. Thus, a chief executive officer is entitled to receive the pay increases granted in H.B. 2005, subject to the limitations of H.B. 2005 and H.B. 2006.
E. Salary Increases for Chief Executive Officers of AgenciesOmitted from H.B. 2006
¶ 24 In your fifth question, you ask whether a chief executive officer whose agency is omitted in either Section 2 or 3 of H.B. 2006, is entitled to a pay increase. If the agency's board, commission, or appointing authority has the express or implied statutory authority to set the chief executive officer's salary, it may do so under that authority without the constraints imposed by Section 2 of H.B. 2006. Moreover, as discussed above, H.B. 2005 shows that the chief executive officer is entitled to the mandatory increases of H.B. 2005, even if the governing board of commission does not grant a separate pay increase.[6]
F. Pay Increases for Certain Cabinet Secretaries
¶ 25 Your final question concerns those state employees who are cabinet secretaries. Specifically, the question addresses cabinet secretaries who are not agency chief executive officers and whose salaries are not set out in 74 O.S. Supp. 2004, § 10.5[74-10.5]. See
2004 Okla. Sess. Laws ch. 91, § 1(H)(2). These cabinet secretaries are state employees and are, under the language of H.B. 2005, entitled to the increases mandated by that legislation. H.B. 2005 is unambiguous. See Cicio,50 P.3d at 221. The only questions existing about individual cabinet secretaries are fact questions to be answered by consideration of particular positions, questions beyond the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 26 is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under the rules of statutory construction, H.B. 2006, 74 O.S. Supp. 2004, § 3601.2, which sets out minimum, midpoint and maximum salary ranges for chief executive officers of agencies that receive non-appropriated funds, does not allow for pay increases prior to the mandated effective date of January 1, 2005. See 2004 Okla. Sess. Laws ch. 463, § 5.
 2. Under the rules of statutory construction, chief executive officers whose salary levels are between the midpoint and the maximum of the salary ranges are entitled to increases to the maximum level set out in Section 2 of H.B. 2006 as of January 1, 2005. See 74 O.S. Supp. 2004, § 3601.2(A)(3); 2004 Okla. Sess. Laws ch. 463, § 5.
 3. Chief executive officers of agencies that receive appropriated funds, whose maximum salaries are listed in Section 3 of H.B. 2006, may receive increases to those maximum salaries effective July 1, 2004. See 2004 Okla. Sess. Laws ch. 463, §§ 3, 4.
 4. Chief executive officers of state agencies are entitled to the pay increases for state employees mandated by H.B. 2005, 2004 Okla. Sess. Laws ch. 91, § 1, as limited by the provision of H.B. 2005 that "[n]o salary increase pursuant to this section shall be made that exceeds a salary limitation provided in an agency's annual appropriation bill or salary limits set by statute." 2004 Okla. Sess. Laws ch. 91, § 1(I).
 5. Any salary increase for a chief executive officer of an agency not listed in H.B. 2006 is governed by the express or implied statutory authority of the agency board or commission to grant such a raise, and is not constrained by the provisions of H.B. 2006. Moreover, H.B. 2005 mandates pay increases to all state employees, including a chief executive officer of an agency omitted from Section 2 or 3 of H.B. 2006. See 2004 Okla. Sess. Laws, ch. 91, § 1.
 6. House Bill 2005 mandates a pay increase for a cabinet secretary who is not also an agency chief executive officer and whose salary is not listed in 74 O.S. Supp. 2004, § 10.5[74-10.5]. See 2004 Okla. Sess. Laws, ch. 91, § 1(H)(2).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 GRETCHEN GROVER HARRIS Assistant Attorney General
[1] This practice for chief executive officers of agencies that receive non-appropriated funds can be traced back to at least 1989.
[2] The salaries of most of the chief executive officers were set in this manner. Salaries for chief executive officers not set forth in codified or uncodified statutes were set by boards or commissions or appointing authorities with authority to do so.See letter from Oscar B. Jackson, Sec'y for Human Res. 
Admin., to Gretchen G. Harris, Assistant Attorney General (Oct. 4, 2004) (on file with the Oklahoma Attorney General's office).
[3] This amount, $1,400 per appropriated agency chief executive officer, was confirmed in a letter from Oscar B. Jackson, Jr., Cabinet Secretary for Human Resources and Administrator of the Office of Personnel Management, dated October 4, 2004. See n. 2.
[4] Some chief executive officers of non-appropriated agencies were not included on this list. Whether such chief executive officers are entitled to pay increases in fiscal year 2005 will be addressed in Part III C.
[5] Ineligible employees who might also be chief executive officers include elected officials, cabinet secretaries who are listed in 74 O.S. Supp. 2004, § 10.3[74-10.3], and agency chief executive officers and cabinet secretaries whose salaries are set out in 74 O.S. Supp. 2004, § 10.5[74-10.5].
[6] Another statute, 74 O.S. Supp. 2004, § 840-2.17[74-840-2.17], provides increases for state employees according to various "pay movement mechanisms." Whether that statute would apply to a chief executive officer has not been asked in this request.